### E. C. WHITE v. TOWN OF EDENTON.

(Filed 15 September, 1915.)

**1. Adverse Possession—Burden of Proof.**

In ejectment by one claiming by color of title and adverse possession, upon showing color of title, the burden of proof was still on plaintiff to show adverse possession, and not upon defendant to disprove it.

**2. Highways—Use by Public—Permissive Character—Burden of Proof.**

In ejectment to recover land claimed by defendant town as a public way, where there was evidence that people had been in the habit of using the street, the burden was on plaintiff to show that such user was permissive.

**3. Adverse Possession—Burden of Proof.**

In ejectment to recover land claimed by adverse possession, which is such possession of another's land as, when accompanied by certain circumstances, will vest title in the possessor, the burden is on plaintiff to show such acts and conduct on his part as tend to prove a continuous assertion of ownership for the requisite time.

APPEAL by defendant from *Whedbee, J.,* at March Term, 1915, of CHOWAN.

This is a civil action, tried upon these issues:

1. Is the plaintiff the owner and entitled to the possession of that portion of the land described in the complaint which is embraced within the lines 9, 8, 10, 5, 4, 11, 12, 13, 1, to 9, on the map, or any part thereof, and, if so, what part? Answer: "Yes; the whole thereof."

2. If "yes" to the first issue, has defendant trespassed upon the same, as alleged? Answer: "Yes."

3. What damages, if any, is plaintiff entitled to recover of defendant? Answer: "$5."

From the judgment rendered, the defendant appealed.

*W. S. Privott and Ward & Thompson for plaintiff.*
*Pruden & Pruden, E. G. Bond, and S. Brown Shepherd for defendant.*

BROWN, J. This action was brought to determine the title to a certain strip of land in the town of Edenton called "Dock Alley." The only evidence of title which the plaintiff introduced was certain deeds, which are color of title, together with evidence of adverse possession. The de-

fendant claimed that this property has been used as a public street in the town for a great number of years, and that the public had acquired a right to use it.

His Honor charged the jury as follows: "The law also says that when a man introduces a deed that covers a particular piece of land, and he is in possession of some part of it, the law extends that possession to the outer boundaries of the property. In this case it is admitted by the defendant that White has been in possession of a portion of this property for more than forty years, and, therefore, nothing else appearing, the law would extend that possession to the outer boundaries of the deed; but they say that by reason of user they are the owners of these pieces of land included in the streets. I charge you, gentlemen, if you believe the evidence as to the beginning and location, White's deed covers the land in controversy, and the burden then shifts to the defendant to satisfy you that they are the owners of the streets."

The court further charged that the "burden is upon the town to show, either by dedication, or grant, or adverse possession for twenty years, it obtained title to the street. Now, if they have failed in that, it will be your duty to answer the issue 'Yes.'"

The defendant excepted to this part of the charge. We think the exception is well taken. The complaint alleges that the plaintiff is the owner in fee simple of the land in controversy and described in Exhibit A. The only title the plaintiff has undertaken to show is color of title and adverse possession. *Mobley v. Griffin,* 104 N. C., 115. In order for the plaintiff to recover against the defendant upon the pleadings in this case, the burden of proof is upon the plaintiff to show title to the land in controversy. It is as much incumbent upon him to show adverse possession as it is to show color of title, and that burden does not shift. It is true, there is evidence that the people have been in the habit of using this street, and, if so, the burden would be upon the plaintiff to show that such user was permissive, and not adverse to him.

In order to constitute adverse possession, the burden is on the plaintiff to show such acts and conduct upon his part as would tend to prove a continuous assertion to ownership and claim upon his part for the requisite period of time. Adverse possession, generally speaking, is such possession of another's land as, when accompanied by certain acts and circumstances, will vest title in the possessor, and the burden of proof is upon the one who claims adverse possession to prove it.

New trial.