E. C. WHITE v. TOWN OF EDENTON.

(Filed 28 February, 1917.)

1. **Appeal and Error—Cities and Towns—Streets—Adverse Possession—Evidence—Trials.**

    Title to land used by a town for street purposes cannot be acquired by adverse possession, and the question as to whether the *locus in quo* was ever made a public street and so claimed and used by the town, when it arises in the controversy, is important, rendering the admission of incompetent evidence as to such matter reversible error.

2. **Cities and Towns—Streets—Adverse Possession—Maps—Trials—Evidence.**

    Testimony that a map of a town had hung for thirty years or more in the office of the register of deeds of the county and generally used, without evidence as to who had made it, by what authority, or that the town had recognized it as official, is incompetent to show, by omission, that the street had not been made and used by the town, in an action against the town wherein a citizen claims title by adverse possession.

CIVIL ACTION, tried at September Term, 1916, of CHOWAN, before *Whedbee, J.* From judgment for plaintiff, defendant appeals.

*W. S. Privott, Ward & Thompson for plaintiff.*
*Pruden & Pruden, S. B. Shepherd for defendant.*

BROWN, J. This is a controversy in respect to the title to a piece of land in the town of Edenton. The *locus in quo* is claimed by the plaintiff by deed constituting color and adverse possession and by defendant as a public street of the town. The case was before us at a former term, and is reported in 171 N. C., 21, which is referred to for issues.

It is well settled, as stated by the learned judge in his charge, that once a public street is legally established, adverse possession by a claimant will not bar the municipality. It, therefore, is an important fact in controversy in this case as to whether the *locus in quo* ever was made a public street and so claimed and used by defendant. There was much evidence on both sides.

For the purpose of showing that this land never was a public street or claimed as such, plaintiff was permitted to introduce what purported to be a map of Edenton upon which no such street is shown. The only evidence offered or relied upon to identify the map as an official map of the town is that of witness Byrum, who testified: "That map has been in the register's office at least twenty-five years, to my knowing. It was recognized by everybody as a plat of the town. Everybody that went in asked me what that plat was, and I told them a plat of the town; that was whenever they wanted to locate a lot. This plat was in the office before we moved to Edenton, and my father used to send

me there when Mr. Small was then register. It struck me and I asked Mr. Small what it was. I do not think I make any mistake if I say it had been on exhibition more than thirty years."

The admission of the map upon such evidence was an error well calculated to prejudice defendant. It was not identified in any manner as an official map of the town and was not found in its possession, nor was it exhibited in its municipal office as a map of the town, but was found in the office of the register of deeds of the county. There is no evidence showing who made it or by what authority or that defendant has ever recognized it as an official map. The proof of its official character is entirely wanting.

This is not near so strong as a Virginia case in which the map was rejected. In *Harris v. Commonwealth,* 20 Grattan, 833, that Court held: "A map of a city, though made by a former city surveyor and found in the office of the register of the city, in a book labeled 'Plans and Charts,' but not appearing to have been made by authority of the city government or adopted by it, is not admissible in evidence to prove the location of a street."

New trial.