M. F. RITCHIE v. THE TRAVELERS PROTECTIVE ASSOCIATION
OF AMERICA.

(Filed 21 December, 1932.)

**Insurance R a—Policy held not to cover injuries sustained by insured
while under influence of intoxicants, regardless of causal relation.**

> Where a policy of accident insurance provides that the insurer should
> not be liable for an injury to the insured which occurs "(1) when or
> while a member is in any degree under the influence of intoxicating
> liquor . . . (2) when caused wholly or in part by reason of or in
> consequence of the use of intoxicating liquor": *Held*, the insurer would
> not be liable under the terms of the policy for an injury occurring while
> the insured was in any degree under the influence of intoxicating liquor,
> regardless of whether such intoxication was a causal element in the
> injury or not, and an instruction in an action on the policy which requires
> the jury to find that such causal relation existed in order to defeat
> recovery entitles the insurer to a new trial.

APPEAL by defendant from *Finley, J.,* at August Term, 1932, of
CABARRUS.

The plaintiff brought suit to recover on an accident policy. He al-
leged that on 8 October, 1930, while the policy was in full force, he
received personal injury while driving an automobile on Highway 15,
near the corporate limits of the city of Salisbury, for which he is
entitled to compensation. His certificate provided that he should be
entitled to the benefits of Class A members, as set out in the constitution,
by-laws and articles of incorporation.

Article 12, section 1, of the constitution is as follows: "This associa-
tion shall not be liable to a member or his beneficiary for any disability
benefits, special loss benefits or death benefits when the disability, special
loss or death of a member occurs under any of the following conditions
or circumstances: When inflicted by a member on himself while sane
or insane; when there are no visible marks of injury upon the body
(the body itself not being deemed such a mark in case of death); when
or while a member is in any degree under the influence of intoxicating
liquor or liquors or of any narcotic or narcotics; when caused wholly
or in part by reason of or in consequence of the use of intoxicating
liquor or liquors or the use of any narcotic or narcotics; when the result
of voluntary or unnecessary exposure to danger or to obvious risk of
injury; when or while a member is fighting, resisting arrest, violating the
law."

The defendant filed an answer and at the trial the jury returned the
following verdict:

1. Did the accident and alleged injury to the plaintiff occur while the plaintiff was, in any degree, under the influence of intoxicating liquor or liquors, as alleged in the answer?    Answer: No.

2. Was the plaintiff unlawfully transporting intoxicating liquor at the time of his alleged injury, as alleged in the answer?    Answer: No.

3. Did the plaintiff violate the terms of his contract with the defendant in any other respect, as alleged in the answer?    Answer: No.

4. What amount, if any, is the plaintiff entitled to recover in this action?    Answer: $712.50.

Judgment was thereupon rendered for the plaintiff in the sum of $712.50 and costs.    The defendant excepted and appealed, assigning error.

*J. L. Crowell, Jr., and J. Lee Crowell, Sr., for appellant.*
*Hartsell & Hartsell for appellee.*

ADAMS, J.    The court gave the jury the following instruction:    "If the defendant has satisfied you by the greater weight of the evidence that the plaintiff was driving the car while intoxicated or while under the influence of intoxicating liquors, or that he was driving it recklessly, contrary to law, and that this was the cause of the impact, then it would be your duty to answer this issue Yes.    If it does not so satisfy you, it will be your duty to answer it No."    To this instruction the defendant excepted.

It will be observed that section 1 of article 12 contains the following clauses:    "This association shall not be liable to a member or his beneficiary for any disability benefits, special loss benefits, or death benefits when the disability, special loss, or death of a member occurs under any of the following conditions or circumstances:    (1) When or while a member is in any degree under the influence of intoxicating liquor or liquors or of any narcotic or narcotics; (2) when caused wholly or in part by reason of or in consequence of the use of intoxicating liquor or liquors or the use of any narcotic or narcotics."

The objection to the instruction is that the court failed to explain the distinction between the two clauses above set out, and told the jury that although the plaintiff may have been intoxicated or under the influence of intoxicating liquor at the time of his injury the defendant would nevertheless be liable unless the plaintiff's condition was the cause of the injury.    The instruction is applicable to the second clause but not to the first.    The question arose in *Mossop v. Continental Casualty Co.,* 118 S. W. (Mo.), 680, in reference to which the Court used this language:    "The effect of the instructions on the issue of intoxication was to hold the company liable for indemnity at $15 a week, even though plaintiff was hurt while under the influence of intoxicating liquor, unless

the injury was the result of his condition. This construction of the contract expunges an express proviso against liability for an injury received by the insured while under the influence of an intoxicant or narcotic. By virtue of said proviso, the company was as much exempt from liability for plaintiff's loss of time, if the loss was due to an injury received while he was intoxicated, but not in consequence of intoxication, as if the latter brought about the injury. Counsel argue that if the intention was to exclude liability for an injury received while plaintiff was intoxicated, regardless of a causal connection between his state and the injury, it was useless to insert the exemption for an injury resulting from intoxication, as the first proviso would embrace the latter. So it would; but we take the purpose to have been to word the contract so no doubt could arise about the nonliability of defendant in either event. Again, it is said to be unreasonable to excuse defendant merely because plaintiff was intoxicated, if the accident would have happened anyhow. An illustration is brought forward of this kind: Suppose he had been hurt while intoxicated and on a street car in a collision of the car with another, would defendant be exempt? We answer that any insurance company has the right to refuse to insure men against accidental injury while they are intoxicated, and there are good reasons why they should refuse to do so, to wit, when a man is drunk, he is less able to take care of himself, is more quarrelsome, and hence more likely to get hurt than when he is sober, and, if hurt, he may believe and testify his conduct had nothing to do with the accident, and obtain a verdict on that theory when, in truth, intoxication led to the injury."

In *Flannagan v. Provident Life and Accident Co.*, 22 Fed. (2nd), 136, 139, concerning a similar provision, the Circuit Court of Appeals said: "It is argued that, even if there were intoxication and violation of law as contended by defendant, these would not defeat recovery, unless there was a causative connection between these and the death of insured, and that whether such causative connection existed or not was a question for the jury to determine. We think, however, that by their express provisions the policies do not cover injuries received while the insured was intoxicated or under the influence of liquor, as he clearly was at the time when he received the injuries resulting in his death, and that it was not necessary to show any causative connection between the intoxicated condition and the injuries. 1 C. J., 457; *Standard Life Ins. Co. v. Jones*, 94 Ala., 434, 10 So. 530; *Shader v. Ry. Passenger Assur. Co.*, 66 N. Y., 441, 23 Am. Rep., 65; *Furry v. Gen. Accident Ins. Co.*, 80 Vt., 526, 68 A., 655, 15 L. R. A. (N. S.), 206, 130 Am. St. Rep., 1012, 13 Ann. Cas., 515; notes, 9 Am. St. Rep., 176, 13 Ann. Cas., 516."

For error in the instruction a new trial is granted.

New trial.