SALLY M. VAIL, HELEN V. ROUSE, MARGARET V. CAMPBELL, EVELYN V. COONRAD, DORIS V. YELVERTON AND LUTHER H. VAIL, JR., v. MATTIE P. SMITH.

(Filed 10 July 1968.)

**1. Reference § 11—**

In order for a party to a compulsory reference to preserve his right to a jury trial he must (1) object to the order of reference at the time it is made, (2) file specific exceptions to particular findings of fact made by

the referee within thirty days from the filing of the report, (3) formulate appropriate issues of fact raised by the pleadings and based on facts pointed out in the exceptions, tender these issues with the exceptions, and (4) in the exceptions demand a jury trial on each issue so tendered.

**2. Same—**

On motion for judgment on the referee's report on the ground that exceptions thereto were not filed within 30 days from the date the report was filed, the court has the discretion to allow exceptions which were filed after that time to be made a part of the record and to order that the issues set forth in the exceptions be submitted to the jury, and no abuse of discretion is shown where the motion was made more than two years after the exceptions were filed and the record is replete with procedural delays.

**3. Evidence § 25—**

A map not made pursuant to any official authority may be admitted as substantive evidence only when a witness testifies to its correctness from firsthand knowledge, and a private map not so authenticated is properly excluded as incompetent.

**4. Reference § 11—**

Failure of a party to a compulsory reference to object to the introduction of incompetent evidence at the hearing before the referee does not preclude the court from excluding such evidence upon objection at the trial.

**5. Appeal and Error § 31—**

Where neither the portions of the charge excepted to nor the questions sought to be presented are set forth in the assignments of error, and the portions of the charge excepted to are not specifically identified in the record, the exceptions will not be considered on appeal.

APPEAL by defendant from *Cowper, J.,* September-October 1967 Civil Session, Superior Court of WAYNE.

This action, originally instituted as a special proceeding to establish a boundary line under Chapter 38 of the General Statutes, was converted into an action to quiet title by virtue of the denial of both petitioners and respondent of the ownership of the other of the lands described in the petition and the response. However, the only issue arising from the evidence before the referee and the court was the location of the boundary line between plaintiffs and defendant. The original petition was filed 20 January 1960 and response thereto was filed 7 March 1960. A court surveyor was appointed by order dated 15 April 1960 to report on or before 13 May 1960, and, by subsequent orders, the time for reporting was extended to 27 November 1961. When the matter came on for hearing before the clerk on 28 June 1962, it was transferred to the civil issue docket for further proceedings. Thereafter, and on 13 March 1963, the court, on its own motion, referred the matter to a referee. Amend-

ments to pleadings were made, and the matter was heard by the referee on 2 and 3 July 1963. The referee's report was filed on 11 January 1965. Petitioners filed exceptions thereto on 8 March 1965. A proposed judgment based on agreement of the parties was presented by plaintiffs at May 1967 Session of Superior Court. After a hearing, the court refused to enter the judgment and set the case peremptorily for 29 May 1967. On 18 May 1967, defendant moved for judgment on the referee's report for that exceptions thereto were not filed within 30 days of the filing thereof. On the same date, plaintiffs moved to file a supplemental reply alleging a compromise and settlement as a plea in estoppel and as a plea in bar. The motion was allowed and the defendant's motion to confirm the referee's report was continued pending final disposition of the plea in abatement. Defendant filed answer to the supplemental reply. On 9 September 1967, the plea in abatement was heard and the jury found there had been no compromise agreement settling the dispute between the parties. On the same date an order was entered overruling defendant's motion that judgment be entered on the referee's report and objection to trial by jury and ordering that the exceptions to the referee's report are a part of the record and that the issues set forth therein be submitted to a jury. The action was tried, and the jury returned its verdict in favor of plaintiffs' contentions. From judgment entered thereon on 4 October 1967 defendant appealed.

*Futrelle and Baddour by R. W. Futrelle for defendant appellant.*
*Dees, Dees, Smith and Powell by William W. Smith for plaintiff appellees.*

MORRIS, J. Defendant contends the court erred in failing to grant her motion for judgment on the referee's report and in submitting issues to the jury. The referee's report was filed on 11 January 1965. Plaintiffs filed exceptions thereto on 8 March 1965. The record is silent as to the date plaintiffs had notice of the filing of the report. Defendant's motion for judgment on the report was filed on 18 May 1967 — more than 2 years after the exceptions to the report were filed.

Certain procedural requirements are to be followed in matters where a compulsory reference has been ordered so that a right to a jury trial may be preserved. The party whose interests are adversely affected by the order of the referee must (1) object to the order of reference at the time it was made, (2) file specific exceptions to particular findings of fact made by the referee within thirty days from the filing of the report, (3) formulate appropriate issues of fact

raised by the pleadings and based on the facts pointed out in his exceptions, and tender these issues with his exceptions, and (4) in his exceptions demand a jury trial on each issue so tendered. *Bartlett v. Hopkins*, 235 N.C. 165, 69 S.E. 2d 236.

There is no contention on defendant's part that plaintiffs have failed to comply with any of the procedural requirements except that his exceptions, though in proper form and complete compliance, were not filed within 30 days of the date of filing of the referee's report. When objection was raised, the court, in the exercise of its discretion, ordered "that the exceptions to the Report of the Referee filed in this action in March, 1965, be and are a part of this record and that the issues set forth in said exceptions to the Report of the Referee be submitted to a trial by jury". On the authority of *Godwin v. Hinnant*, 250 N.C. 328, 108 S.E. 2d 658, we hold that Judge Cowper had a right, in his discretion, to enter the order. In the *Godwin* case, defendant excepted in apt time to the referee's findings of fact. Subsequently, the matter was remanded to the referee to file a supplemental report, and in the order remanding defendant was allowed 20 days from the time of filing within which to file exceptions. Defendant failed to file additional or new exceptions within the time provided, which would have been 25 February 1958. At June Term 1958, plaintiff moved for an affirmance of the referee's report for that no exceptions had been filed thereto. The court overruled the motion and allowed defendant until 29 September within which to file exceptions. Plaintiff, on appeal, assigned as error the order of the court overruling his motion for an affirmance of the referee's amended report for that no exceptions had been filed thereto. The Supreme Court, speaking through Rodman, J., said:

"Judge Fountain had a right, in his discretion, to extend the time for filing the exceptions. The time limited in Judge Paul's order was not intended to have greater force than the statutory provision limiting the time to file exceptions. G.S. 1-195. It did not impair the authority given to Judge Fountain by G.S. 1-152 to extend the time."

The defendant suggests that even if the court had authority, in its discretion, to enter the order, it should not have so acted. We find no abuse of discretion. The record in this case is replete with indications of procedural delays. The response was not filed within the time allowed by statute. Though the order appointing the referee required a report on or before 1 April 1963, the report was not filed until 11 January 1965. Defendant was allowed until 4 December 1967 to serve case on appeal. The record indicates it was served on

plaintiffs on 1 April 1968. Exceptions to the referee's report were filed 26 days after the time allowed by statute. We find no abuse of discretion in the court's allowing the exceptions to be a part of the record over objection raised for the first time more than two years later.

Defendant contends that the court erred in refusing to admit into testimony at the trial defendant's exhibit No. 4 which had been admitted into evidence before the referee without objection. The map is of record in Map Book 4, at page 153, Wayne County Registry, having been recorded in 1938. It does not appear that the purpose of the attempted introduction of the map was to illustrate the testimony of a witness. It does appear that defendant desired its introduction as substantive evidence. The map was not made pursuant to any official authority. The fact that it had been of record since 1938 does not make it official. *White v. Edenton,* 173 N.C. 32, 91 S.E. 601. A private map may be used only when a witness testifies to its correctness from first-hand knowledge. Stansbury, N. C. Evidence 2d, § 153 at pp. 381-382. The witness did not testify to its correctness from first-hand knowledge. Since the map was not properly authenticated, it was properly excluded as incompetent. See *Smith v. Starnes,* 1 N.C.App. 192, 160 S.E. 2d 547.

Defendant contends that, because plaintiffs made no objection to the introduction of the map at the hearing before the referee and no exception thereto in their exceptions to the referee's report, they cannot now be heard to object. This contention is without merit. The practical purpose of the reference is to develop and delimit the issues to be determined by a jury. *Coburn v. Timber Corp.,* 257 N.C. 222, 125 S.E. 2d 593. The jury, upon trial on the issues, is not to consider incompetent evidence to the introduction of which objection has been made. Failure to object at the hearing before the referee does not preclude the court from refusing to allow incompetent evidence to be considered by the jury at trial when objection is made to its admission. *Green v. Castlebury,* 70 N.C. 20.

Defendant further assigns as error portions of the charge of the court. The portions assigned as error are not set out in the assignments of error, nor are any questions sought to be presented thereby disclosed without the necessity of going beyond the assignment of error itself. The portions of the charge excepted to are not identified in the record by letters, parentheses, or any other manner. This is, of course, a patent failure to comply with our rules and does not present the exceptions for review. *Long v. Honeycutt,* 268 N.C. 33, 149 S.E. 2d 579. We have, nevertheless, carefully examined the charge of the court and find that the court properly gave the conten-

tions of the parties from the pleadings and the evidence and we do not find prejudicial error.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.