STATE OF NORTH CAROLINA v. MARVIN HEATH BENNETT

No. 6926SC363

(Filed 13 August 1969)

**Criminal Law § 163—   assignments of error to the charge — identification of portions excepted to**

> Where the portions of the charge to which defendant assigns as error are not identified in the record by letter, parentheses or in any other manner, the purported assignments of error are ineffective to challenge the correctness of the charge.

APPEAL from *Falls, J.*, 8 April 1969 Session of Superior Court of MECKLENBURG.

Defendant was charged with armed robbery and entered a plea of not guilty. He was represented by counsel, but the record is silent as to whether counsel was privately retained or court appointed. The jury returned a verdict of guilty of common law robbery, and from judgment entered thereon, defendant appealed. Upon a finding by the court of defendant's indigency, counsel who had represented him at trial was appointed to perfect his appeal.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Staff Attorney James E. Magner for the State.*

*Wayne M. Brendle for defendant appellant.*

MORRIS, J.

All of defendant's purported exceptions and assignments of error are to the charge of the court. However, the portions thereof assigned as error are not set out in the assignments of error, and no exceptions appear with respect thereto except under the purported assignments of error. The portions of the charge to which defendant takes exception are not identified in the record by letters, parentheses, or in any other manner. These purported assignments of error are ineffective to challenge the correctness of the charge. *Vail v. Smith*, 1 N.C. App. 498, 162 S.E. 2d 78; *State v. Dunn*, 264 N.C. 391, 141 S.E. 2d 630. For the reasons stated herein, the motion of the State to dismiss the appeal is well taken and is allowed.

Dismissed.

CAMPBELL and BROCK, JJ., concur.