ZALLAR EASTWOOD YANDLE v. SANFORD NEAL YANDLE

No. 7226DC686

(Filed 17 January 1973)

1. **Appeal and Error § 32— objection to submission of issues to jury**
    An objection and exception to the form of an issue or to its submission to the jury comes too late when taken after the jury has rendered its verdict upon the issue.

2. **Appeal and Error § 24— exceptions to paragraphs of instructions — broadside and ineffectual exceptions**
    Where each of the exceptions to the trial court's instructions appeared at the end of a paragraph of the instructions without indicating what portions of the instructions were excepted to, such exceptions were broadside and ineffectual.

3. **Divorce and Alimony § 16— wife as dependent spouse — instructions confusing and prejudicial**
    Where the jury in an action for permanent alimony requested further instructions on the question of whether plaintiff was the

dependent spouse, the judge's answer with respect to defendant's payment of money to plaintiff under a temporary order was confusing and improper and entitled plaintiff to a new trial.

APPEAL by plaintiff from *Stukes, District Judge,* 21 February 1972 Session of District Court held in MECKLENBURG County.

This is an action for alimony, custody, child support, and attorney fees. It appears clear from the testimony of the parties that at some time prior to this trial there was a hearing at which an order for alimony pendente lite, custody, child support, and counsel fees pendente lite was entered. This trial was on the merits before a jury in District Court.

By its answers to the issues the jury (1) found that plaintiff and defendant were husband and wife; (2) found that defendant abandoned plaintiff on or about 7 March 1971; (3) found that defendant maliciously turned plaintiff out of doors on or about 7 March 1971; (4) found that defendant was not an excessive user of alcohol so as to render plaintiff's condition intolerable and her life burdensome while living together; (5) found that plaintiff was not the dependent spouse of defendant; and (6) found that defendant was not the supporting spouse of plaintiff. Based upon this verdict the trial judge entered an order denying permanent alimony to plaintiff. Plaintiff appealed.

*Hamel & Cannon, by Thomas R. Cannon, for plaintiff.*

*Walter C. Benson for defendant.*

BROCK, Judge.

[1] Plaintiff undertakes to assign as error the submission of the fifth and sixth issues to the jury. The record is bare of objection to the issues until after they were answered by the jury. An objection and exception to the form of an issue or to its submission to the jury comes too late when taken after the jury has rendered its verdict upon the issue. 1 Strong, N. C. Index 2d, § 32, p. 170. These assignments of error are overruled.

[2] Plaintiff undertakes to assign as error portions of the judge's instructions to the jury. Each of the exceptions to the instructions merely appears at the end of a paragraph of the instructions without indicating what portions of the instructions are excepted to; nor do the assignments of error set out the por-

tions of the instructions excepted to and assigned as error. It appears that each exception is taken to all of the instructions that went before it. This is at best a broadside exception. For these reasons each of the assignments of error to the charge is overruled. *State v. Bennett,* 5 N.C. App. 662, 169 S.E. 2d 31.

[3] Plaintiff assigns as error the answer given by the trial judge to a question posed by the foreman of the jury after the jury had deliberated for some period of time. This exception and assignment of error are well taken and are sustained.

Defendant testified that his monthly income was just over $600.00, and that out of this he paid for each of his two children the sum of $108.32, and paid to plaintiff each month the sum of $108.32. After the jury had deliberated for some period of time, it returned to the courtroom and its foreman posed a question and the trial judge answered as follows:

> "FOREMAN: The other question is question number 5, 'Is the plaintiff the dependent spouse of the defendant, as alleged in the plaintiff's complaint?' Does the fact that she is receiving $108.00 a month now from him enter into that at all?
>
> "The COURT: Nothing at all, don't enter into it at all."

It seems clear to us that this was an improper answer and probably created confusion among the jurors. The trial judge should have explained that the $108.32 was being paid under a temporary order which would terminate with the conclusion of this trial, and that the jury should consider the testimony about the payment in the light of this explanation. The jury was properly concerned and was entitled to have the effect of the testimony explained.

New trial.

Chief Judge MALLARD and Judge BRITT concur.