WILLIAM T. BENSON v. COASTAL PLAIN LIFE INSURANCE COMPANY

No. 7418DC459

(Filed 6 November 1974)

**1. Trial § 40— consent to issue — waiver of objection**
     Defendant cannot complain of an issue which he agreed could be submitted to the jury.

Benson v. Insurance Co.

2. Insurance § 14— life insurance — double indemnity — intoxication —
causal relation to death — instructions

    In an action to recover under double indemnity provision of a life
insurance policy, the trial court should have charged the jury that
a provision excluding such coverage for a death resulting from "in-
juries sustained by the insured while intoxicated" would preclude
liability even though there was no causal relation between the intoxi-
cation and death.

APPEAL by defendant from *Haworth, District Judge,* 12
November 1973 Session of GUILFORD County District Court.
Argued in the Court of Appeals on 26 August 1974.

    Plaintiff brought this action to recover $2,000.00 allegedly
owed to plaintiff-beneficiary on the basis of a life insurance
contract between the insured, Carrie Benson, and defendant.

    The policy provides that defendant will pay the named bene-
ficiary $1000.00 upon proof of the insured's death. Additionally,
it provides that in the event of death by accidental means the
defendant will pay an amount equal to twice the amount then
payable at death. According to the policy, this provision for an
additional amount does not cover:

    "death (1) occuring (sic) while any premium on this
policy is in default beyond the grace period, (2) occuring
(sic) before the Insured attains age 1 or after he attains
age 70, (3) occuring (sic) more than ninety days after
the bodily injuries were sustained, (4) resulting from in-
jury sustained before the date of issue of this policy, (5) re-
sulting from suicide while sane or insane, (6) resulting
from participation in an assault, riot or felony, (7) result-
ing directly or indirectly from, or contributed to by bodily
or mental infirmities or disease in any form, or from medi-
cal or surgical treatment thereof, (8) resulting from oper-
ating or riding in or descending from any kind of aircraft,
if the Insured is a pilot, officer, or member of the crew of
such aircraft or is giving or receiving any kind of train-
ing or instruction or has any duties aboard such aircraft
or duties requiring descent therefrom, or (9) resulting
from insurrection or war, declared or undeclared, or any
act attributable thereto, whether or not the Insured is in
military or naval service, (10) injuries sustained by the
Insured while intoxicated."

    . The parties stipulated that the policy was in full force on
the date of the insured's death and that defendant had paid

$1000.00 with interest to plaintiff without prejudice to plaintiff's claim for an additional $1000.00. Defendant's evidence indicated the following things. On 23 April 1972, a fire occurred at the home of the insured resulting in the death of the insured due to smoke inhalation. A sample of the insured's blood indicated a .19% alcohol content. Defendant's motion for a directed verdict at the close of all the evidence was denied.

The jury answered the questions submitted by the trial judge as follows:

"1. Did the death of Carrie Lee Benson on April 23, 1972, result directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means?

Answer: Yes.

2. Was Carrie Lee Benson, at the time of her death, on April 23, 1972, intoxicated?

Answer: Yes.

3. If Carrie Lee Benson was intoxicated at the time of her death, did such condition exclude her beneficiary from recovering the accidental death benefits set out in insurance policy #1304876, issued to the deceased by the defendant?

Answer: No.

4. Is the plaintiff entitled to recover $1000.00 or $2000.00 from the defendant?

Answer: $2000.00."

Defendant's motion for judgment notwithstanding the verdict was denied.

*Clark, Tanner & Williams, by W. Fred Williams, Jr., for plaintiff appellee.*

*Battle, Winslow, Scott & Wiley, by Robert L. Spencer, for defendant appellant.*

MARTIN, Judge.

[1]  Defendant argues the trial court erred in submitting question three to the jury. However, the record shows the trial court merely submitted issues to the jury to which both parties

Benson v. Insurance Co.

had agreed. An objection and exception to the form of an issue or to its submission to the jury comes too late when taken after the jury has rendered its verdict upon the issue. *Yandle v. Yandle,* 17 N.C. App. 294, 193 S.E. 2d 768 (1973). Not only did defendant *not* object to the issue under consideration, he, in fact, agreed to it. Defendant will not be heard to complain now. *Duke v. Insurance Co.,* 22 N.C. App. 392, 206 S.E. 2d 796 (1974).

[2]   However, we are of the opinion that the trial court committed prejudicial error in its application of the law to the facts. Even though a party is bound by his consent to the submission of an issue, he is entitled to a correct charge thereon. *Duke v. Insurance Co., supra.* While the trial court instructed the jury with regard to the interpretation of an insurance contract, there is no mention of the effect of an exclusionary clause upon the liability of an insurer. In *Ritchie v. Travelers Protective Association,* 203 N.C. 721, 166 S.E. 893 (1932), the Court interpreted language precluding coverage "when or while a member is in any degree under the influence of intoxicating liquor or liquors or of any narcotic or narcotics. . . ." The Court held that such language precluded liability of the insurance company even though intoxication was not causally connected to the injury. "As to whether there must be a causal connection between the insured's injury or death and the intoxication, the courts have held with practical unanimity that wherever the insurer is released from liability in cases of injury or death 'while' intoxicated . . . the insurer is exonerated if injury or death occurs while the insured occupies the forbidden status. In other words, no causal relation between the two events need be shown." 44 Am. Jur. 2d, Insurance, § 1290, p. 138.

Defendant is entitled to a new trial. Since there must be a new trial, we call attention to the following statement. "As a general rule, the construction and effect of a written contract of insurance is a matter of law, to be determined by the court and not by the jury, where there is no occasion to resort to extrinsic evidence for the purpose of resolving an ambiguity." 1 Couch on Insurance 2d, § 15:3, p. 638-639.

New trial.

Chief Judge BROCK and Judge MORRIS concur.