STATE OF NORTH CAROLINA v. ROGER W. MELVIN

No. 7612SC766

(Filed 6 April 1977)

1. **Searches and Seizures § 2— consent by joint occupant**
     Where two people have equal rights to the use or occupation of premises, either person may consent to a search of the premises, and evidence found therein can be used against either.

2. **Searches and Seizures § 2— legality of search — voir dire — hearsay testimony**
     An officer's hearsay testimony that the person who consented to a search of certain premises told the officer that he resided there with the defendant was competent on *voir dire* to establish the legality of the search.

3. **Criminal Law § 163— exceptions and assignments of error to charge**
     Alleged error in the charge was not presented for consideration on appeal where the portion of the charge excepted to is not identified in the record by brackets or any other manner, and the assignment of error merely asserts that the court erred in the charge and refers to the record page where the alleged error may be found.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 22 April 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 February 1977.

Defendant was charged by indictment with armed robbery, and he entered a plea of not guilty. He was convicted by a jury on the charge, and judgment of imprisonment for a term of 60 years was entered.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Public Defenders John A. Decker and Pinkney J. Moser for defendant appellant*

MORRIS, Judge.

Before trial, defendant moved to suppress certain evidentiary items seized by police officers after searching defendant's premises at 1126 Gregory Court in Fayetteville. The police conducted the search without a warrant but instead relied on consent to search given by one Glen T. Avery, who allegedly resided at that address with defendant. Avery did not testify on voir dire, but the trial court allowed Cumberland County Deputy Sheriff Richard Washburn to testify, over objection, that Avery had told him that he lived at 1126 Gregory Court along with defendant. After receiving all the evidence on voir dire, the trial court found

"... that the search of the premises at 1126 Gregory Court was in fact a consent search; that there is no evidence that is believable that Glen T. Avery did not reside at least for some period of time at those premises and that his property was located in said premises, and that he was a person who had a right to grant entry to said premises. ..."

The court then denied defendant's motion to suppress and permitted the introduction of the evidence in question.

Defendant claims that the trial judge erred in permitting Washburn's testimony and in overruling the motion to suppress. He contends that since Avery did not testify on voir dire (although he did subsequently testify at trial) the only evidence establishing the fact that Avery resided with him was the hearsay statements to that effect made by Avery to investigating officers. Defendant argues that this evidence was an inadequate basis on which to overrule his motion. We disagree.

State v. Melvin

**[1, 2]** Where two people have equal rights to the use or occupation of premises, either person may consent to a search of the premises, and evidence found therein can be used against either. *State v. Crawford*, 29 N.C. App. 117, 223 S.E. 2d 534 (1976); *State v. Little*, 27 N.C. App. 54, 218 S.E. 2d 184, *cert. den.*, 288 N.C. 512, 219 S.E. 2d 347 (1975). Moreover, the hearsay testimony on voir dire establishing joint occupation of Avery and defendant was competent evidence. In *United States v. Matlock*, 415 U.S. 164, 39 L.Ed. 2d 242, 94 S.Ct. 988 (1974), the United States Supreme Court noted that ". . . the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." 415 U.S. at 172-73, 39 L.Ed. 2d at 250, 94 S.Ct. at 994. At issue in *Matlock* was whether evidence which would have been excluded at trial could be properly received on voir dire to establish consent to search. The Court held that the trial judge could properly receive the hearsay evidence on voir dire.

Moreover, we note that although defendant objected to the testimony of Deputy Washburn, two other deputies testified without objection on voir dire that Avery had told them that he resided at 1124 Gregory Court. It is well established in North Carolina that when evidence is admitted over objection but the same evidence is subsequently admitted without objection, the benefit of the objection is lost. 1 Stansbury, N. C. Evidence, § 30, p. 79 (Brandis Rev. 1973) and cases cited therein. Therefore, we fail to see how defendant could have been prejudiced by the admission of Washburn's testimony. These assignments are overruled.

**[3]** Defendant's only other assignment of error is to a portion of the charge of court. The portion of the charge to which defendant excepts is not bracketed, and he does not indicate in any other manner in the record the phrases or sentences which he contends are objectionable. The assignment of error as to this exception merely says "Did the trial court err in its instructions to the jury? EXCEPTION No. 4 (R p 43)." The Supreme Court and this Court have repeatedly held that this treatment is not sufficient to present an alleged error for consideration on appeal. *Lewis v. Parker*, 268 N.C. 436, 150 S.E. 2d 729 (1966); *Vail v. Smith*, 1 N.C. App. 498, 162 S.E. 2d 78 (1968). Even so, we find that the language to which defendant refers in his brief, while not necessary, certainly does not

constitute an expression of opinion as to "whether a fact is fully or sufficiently proven" in violation of G.S. 1-180.

No error.

Judges VAUGHN and MARTIN concur.