STATE OF NORTH CAROLINA v. YORK BERNARD JOHNSON

No. 8223SC578

(Filed 18 January 1983)

1. **Constitutional Law § 30— destruction of seized marijuana—no prior notification to defendant—harmless error under facts**

   In a prosecution for felonious trafficking in drugs through possession of 2,000 or more but less than 10,000 pounds of marijuana in violation of G.S. 90-95(h), the trial court did not err in denying defendant's motion to suppress evidence relating to 121 of the 123 bales of marijuana found in defendant's residence which were destroyed. Since photographs of the bales and barrels of marijuana were taken while the cache was still in defendant's basement; all of the items seized were placed in a van, transported to another site, and weighed; a sample was taken from the center of each bale and container, placed in a labeled plastic bag, initialed and dated; photographs were taken of these procedures; the samples were tested twice—once by the S.B.I. and once by an independent scientist; and both chemists concluded that the green vegetable matter was marijuana, the prosecution's actions did not constitute a

suppression of evidence even though the better practice would have been for the prosecution to have properly filed its destruction order and to have notified the defendant first.

2. **Constitutional Law § 34; Criminal Law § 26.8— declaration of mistrial—no findings of fact with respect to grounds—improper—not prejudicial—no double jeopardy**

In a prosecution for felonious trafficking in drugs, the trial court erred in failing to make findings of fact and entering them into the record before declaring a mistrial. However, such error was not prejudicial where the trial judge had suffered a heart attack the year before and had begun to experience familiar chest pains the night before and the morning of the day he declared the mistrial. The trial judge entered his findings of fact concerning the mistrial into the record prior to dismissing the jury the following day.

Judge HEDRICK concurs in the result.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 February 1982 in Superior Court, WILKES County. Heard in the Court of Appeals 7 December 1982.

During the late evening hours of 26 March 1981, a search of defendant's residence, pursuant to a valid search warrant, was made by officers of federal, state, and Wilkes County law enforcement agencies. The officers found and seized 123 forty-pound bales of what was alleged to be marijuana. Defendant was arrested and charged with felonious trafficking in drugs through possession of 2,000 or more but less than 10,000 pounds of marijuana, in violation of N.C. Gen. Stat. § 90-95(h) (1981).

Defendant appeared in Wilkes County District Court on 27 March 1981 for a first appearance; he was not represented by counsel at that time. That same morning, a signed, but unfiled, order issued, directing that the seized substance be destroyed. Less than 24 hours after defendant's arrest, 121 of the 123 bales were destroyed; 2 full bales and samples from each of the 121 destroyed bales were saved.

On 17 December 1981, three days into the State's presentation of its evidence, the judge, after an outburst from the District Attorney, took a ten-minute recess, withdrew a juror, and declared a mistrial without making findings of fact concerning his reasons for declaring a mistrial. The court then requested that the rest of the calendar, which consisted of guilty pleas, be called, and presided through the next day, a Friday. The judge entered

his findings of fact concerning the mistrial into the record prior to dismissing the jury on 18 December 1981.

A second trial was held before the Honorable Julius Rousseau, Jr. on 15 February 1982. The defendant renewed his motions to suppress evidence related to the destroyed bales and to dismiss the charges against him. The motions were denied, the case was tried, and the jury returned a verdict of guilty as charged. From a judgment imposing an active sentence of 10 to 15 years and a $100,000 fine, defendant appeals to this Court.

*Attorney General Edmisten, by Assistant Attorney General Frank P. Graham, for the State.*

*Vannoy, Moore & Colvard, by J. Gary Vannoy, for the defendant appellant.*

BECTON, Judge.

I

[1] Defendant first appeals from the denial of his motion to suppress evidence relating to the destroyed portion of the seized materials. He cites numerous cases as support for the proposition that the destruction of the fruits of a search amounts to a suppression of evidence and a violation of due process. He argues that since the drug trafficking statute applies only to certain minimum quantities of contraband, he was denied procedural due process because he was not allowed to: (i) test all of the seized substance, and thus determine whether it was all, in fact, marijuana, and (ii) weigh the substance and determine, independently, whether he was properly charged with trafficking. We agree that the *Brady*[1] rule, that: "the suppression by the prosecutor of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution," properly applied, is a valid rule of law. However, the actions of the prosecutor did not amount to a *Brady* suppression of evidence.

Indubitably, the better practice would have been for the prosecution to have properly filed its destruction order and to

---

1. *Brady v. Maryland,* 373 U.S. 83, 87, 10 L.Ed. 2d 215, 218, 83 S.Ct. 1194, 1196-97 (1963).

have notified the defendant, in a timely fashion, of its intention to destroy the marijuana. We will be hard-pressed, in the future as we are now, to see the need for such hasty action. Nevertheless, we find no error harmful to the defendant here for the following reasons.

Photographs of the bales and barrels of marijuana were taken while the cache was still in defendant's basement. All of the items seized were placed in a van, transported to another site, and weighed.[2] A sample was taken from the center of each bale and container, placed in a labeled plastic bag, initialed and dated. Photographs were taken of this procedure. The samples were tested twice—once at the S.B.I. laboratory and again, at defendant's request, by an independent scientist at North Carolina State University. Both chemists concluded that the green vegetable material was marijuana.

This stage of the investigation was conducted with great care. Competent evidence as to the weight of the marijuana was introduced. Consequently, we find that under the circumstances of this case, the prosecution's actions did not constitute a suppression of evidence; neither do any of the facts *sub judice* permit us to infer that the course of conduct urged by the defendant would have resulted in the preservation of evidence favorable to his cause.

II

[2] Defendant next complains that the first trial court committed error by improperly declaring a mistrial, and that the second trial court erred by denying defendant's motion to dismiss based on defendant's claim that he was subjected to double jeopardy. We will discuss these contentions together.

The trial court, *before* granting a mistrial, "must make finding of facts with respect to the grounds for the mistrial and insert the findings in the record of the case." N.C. Gen. Stat. § 15A-1064 (1978). The original trial court did make findings of fact relating to its declaration of mistrial. Our statute specifically requires, and we strongly urge adherence thereto, that findings be made and entered into the record *before* a declaration of mistrial. Even the

---

2. The State's evidence was that the weight was 4,920 pounds.

most exigent of circumstances do not justify circumvention of this rule. *See, e.g., State v. Boykin,* 255 N.C. 432, 121 S.E. 2d 863 (1961) (Judge suffered heart attack and made findings from his hospital bed before declaring mistrial). We note that this defendant did not acquiesce in the mistrial. Consequently, we hold that the original trial court erred in failing to make factual findings before it declared the mistrial. Nevertheless, on the facts of this case, we find no prejudice to the defendant, and thus, no merit to his argument that he was twice placed in jeopardy for the same offense.

"It is a fundamental principle of the common law, guaranteed by our Federal and State Constitutions, that no person may be twice put in jeopardy of life or limb for the same offense." *State v. Shuler,* 293 N.C. 34, 42, 235 S.E. 2d 226, 231 (1977), *citing* U.S. Const. Amend. V, N.C. Const. Art. I § 19 [other citations omitted]. Equally clear is the proposition that a defendant may be subsequently tried following the termination of an earlier proceeding by order of mistrial when the mistrial was granted due to, *inter alia,* a physical necessity. This is true even when the mistrial is granted over defendant's objections. *Id.*

The Official Commentary to G.S. § 15A-1064 provides:

> This provision will be important when the rule against prior jeopardy prohibits retrial *unless the mistrial is upon certain recognized grounds or unless the defendant requests or acquiesces in the mistrial.* If the defendant requests or acquiesces in the mistrial, that finding alone should suffice. [Emphasis added.]

Physical necessity is such a recognized ground. The judge in the first trial had suffered a heart attack the year before and had begun to experience the familiar chest pains the night before and the morning of the day he declared the mistrial. Clearly such danger signals amount to "physical necessity." The trial of a heated drug trafficking case is decidedly different from the taking of guilty pleas. The facts found by the trial judge on 18 December were sufficient to warrant a mistrial.

Assured as we are of the quality of our trial bench, we point out that the *raison d'etre* of G.S. § 15A-1064 is sound and valued highly by this Court. It is only because of the peculiar facts of

this case that we find the declaration of a mistrial, before facts warranting the mistrial were found, to be harmless.

### III

Defendant's third argument concerns the voluntariness of his statements regarding the ownership and weight of the marijuana in his basement. He contends that, although he took responsibility for the marijuana's presence, he did not make a statement concerning its weight, and that admission of a purported utterance that the substance weighed five to six thousand pounds was error. Because competent evidence of the weight of the marijuana was later admitted without objection, we find no prejudice to defendant here. *State v. Melvin,* 32 N.C. App. 772, 774, 233 S.E. 2d 636, 638 (1977).

### IV

We have examined defendant's arguments four and five and find them to be without merit.

We find defendant's trial to have been free from prejudicial error.

No prejudicial error.

Judge HEDRICK concurs in the result.

Judge WEBB concurs.