STATE *v.* FOWLER.

---

STATE OF NORTH CAROLINA v. WARNER FOWLER, ALIAS JOHNNY RINGO GRAHAM.

(Filed 19 June 1968.)

**1. Criminal Law § 82—**

The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be disturbed on appeal in the absence of an abuse of discretion.

**2. Homicide § 14—**

In a homicide prosecution in which defendant enters a plea of not guilty, testimony of an officer on cross-examination that defendant admitted shooting the deceased *is held* not so prejudicial as to warrant a new trial when defendant later testifies that he. was holding the gun when the

shot was fired, it being left to the province of the jury to determine whether the shooting was done accidentally, in self-defense, or with malice.

**3. Criminal Law § 89—**

In a homicide prosecution, evidence offered by defendant to the effect that welfare payments are withheld from an unmarried female with children who has a continuous relationship with a male, defendant having sought to show that the State's principal witness with whom the defendant had spent several nights in her home had slanted her testimony against him in order not to lose her welfare payments, *is held* properly excluded as irrelevant.

APPEAL by defendant from *Cowper, J.,* and a jury, November 1967 Criminal Session of WAYNE.

The Wayne County Grand Jury returned a true bill of indictment charging Warner Fowler (alias Johnny Ringo Graham) with the first degree murder of W. B. Braswell. The offense occurred on 13 November 1965.

At the January 1966 Session of Wayne Superior Court, the defendant was tried upon the indictment. The jury returned a verdict of guilty of murder in the first degree with the recommendation that punishment should be imprisonment for life in the State's prison. On appeal to the Supreme Court a new trial was awarded. *State v. Fowler,* 268 N.C. 430, 150 S.E. 2d 731.

The new trial resulted in a verdict of guilty of murder in the first degree. The jury failed to make any recommendation. The court imposed a sentence of death. Defendant again appealed to the Supreme Court asserting error in the admission of certain evidence and was awarded a new trial. *State v. Fowler,* 270 N.C. 468, 155 S.E. 2d 83. Defendant is now before an appellate court for the third time seeking a review of his case.

The facts may be summarized as follows: On the morning of 13 November 1965 the defendant and his girl friend, Ruby Rivers, (both of whom had drunk a quantity of liquor) were engaged in a fight on the streets of Fremont. Police Officer W. B. Braswell arrived and took both into custody and transported them to the city jail. No one was in the jail at the time Officer Braswell entered with his prisoners. Ruby Rivers was locked in Cell No. 1. When Officer Braswell attempted to lock defendant in Cell No. 2, a scuffle ensued and Officer Braswell was shot and killed with his own pistol.

The jury returned a verdict of guilty of murder in the second degree and the sentence of the court was that defendant be committed to the State Prison to serve a term of thirty (30) years. The trial judge also ordered that defendant be given credit for two (2) years time already served — that being two (2) years — and that the sentence should be reduced accordingly by two (2) years.

From this judgment defendant appealed.

*Attorney General T. Wade Bruton by James F. Bullock, Deputy Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*John H. Kerr, III and W. Dortch Langston, Jr., for defendant appellant.*

MORRIS, J.  Defendant assigns as error the admission of certain evidence given by Ruby Rivers and Deputy Sheriff James Sasser.

The record discloses that Ruby Rivers testified for the State. She was questioned extensively by the solicitor and at one point in the direct examination defendant contends certain leading questions were asked and certain answers given that should have been excluded. The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be disturbed on appeal, at least in the absence of abuse of discretion. Stansbury, N. C. Evidence, 2d, § 31, p. 59. No abuse of judicial discretion appears here. This assignment of error is overruled.

We have carefully examined defendant's assignment of error relating to the testimony of Deputy Sheriff James Sasser. Defendant contends that the admission of certain of the testimony of Deputy Sheriff Sasser was prejudicial error and he should therefore be awarded a new trial. Although Deputy Sheriff Sasser did testify on cross-examination that defendant admitted shooting Mr. W. B. Braswell, when the context in which this testimony was given is considered, the evidence was not so prejudicial as to mislead the jury and warrant a new trial. Defendant later took the stand in his own behalf and testified that he was holding the gun when the shot was fired and Mr. Braswell was killed. These two statements are not inconsistent, and the jury was properly left to determine whether the killing was done accidentally, in self-defense, or with malice. This assignment of error is overruled.

Defendant assigns as error the action of the trial judge in excluding certain testimony given by Rebecca Rouse, a welfare employee and caseworker. The substance of Rebecca Rouse's testimony, if admitted, would have concerned the policy of the Welfare Department in withholding welfare payments when a single female person with children has a continuous relationship with a male. Defendant sought to show that Ruby Rivers slanted her testimony against Warner Fowler, who had spent several nights at her home, in order not to lose her welfare payments. We feel that this argument is so conjectural as to be irrelevant and the trial judge acted properly in excluding the answers from jury consideration.

We have considered the other assignments of error and deem

them to be without merit. Defendant was ably and well represented both at trial and on this appeal. He had a fair trial, free from prejudicial error.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.