STATE OF NORTH CAROLINA v. JAMES MARION AYERS

No. 7117SC283

(Filed 26 May 1971)

1. Burglary and Unlawful Breakings § 10— possession of burglarly tools — articles found in defendant's car — relevancy

In trial of defendant for possession of morphine and possession of burglarly tools, evidence relating to cameras, watches, movie projectors and a pistol found upon search of defendant's car was admissible as relevant to the charge of possession of burglarly tools, notwithstanding defendant was acquitted of that charge.

2. Criminal Law § 162— general objection — evidence competent for some purposes

Where evidence is competent for some purposes, but not for all, an exception to the admission of such evidence for general purposes will not be sustained unless appellant, at the time of the admission of the evidence, asks that its purpose be restricted.

3. Criminal Law § 84; Searches and Seizures § 1— search of automobile without warrant — probable cause — reliable informant

Highway patrolman had probable cause to believe that defendant's automobile was carrying contraband, and thus lawfully searched the automobile without a warrant, where he had been informed by two Danville, Virginia, police officers that defendant's car contained alcoholic beverages, narcotics and a pistol, and such information was given to the Danville officers by an informant who was known to be reliable.

4. Criminal Law §§ 76, 87— leading questions on voir dire — Miranda warnings

Trial judge did not abuse his discretion in allowing the solicitor to ask an S.B.I. agent leading questions on *voir dire* to validate a *Miranda* warning.

5. Narcotics § 4.5— instructions — actual and constructive possession

In a prosecution for possession of morphine, the trial judge did not abuse his discretion when, after receiving a request from the jury for additional instructions as to the word "wilfully," he also instructed on actual and constructive possession.

APPEAL by defendant from *Beal, Special Judge,* October 1970 Session of ROCKINGHAM County Superior Court.

Defendant was charged in two bills of indictment with possession of morphine and with possession of burglary tools.

Evidence for the State tended to show that defendant, along with a companion, was apprehended by Officer James A. Parker of the State Highway Patrol, accompanied by Sergeant Cecil H.

Moore of the Reidsville Police Department, following receipt by Officer Parker of information from two Danville, Virginia, police officers to the effect that the defendant and his companion were planning to rob a bank and had narcotics, alcoholic beverages, and a pistol in the car. Officer Parker, followed by Sergeant Moore, gave chase and pulled defendant's automobile to the side of the road. Defendant's clothes were disheveled and Officer Parker asked defendant if he had been drinking. Defendant answered in the negative and denied having any alcoholic beverages in the car. At Officer Parker's request, defendant consented to a search of his car. In the course of the search, Officer Parker discovered a pouch with twelve hypodermic needles and a spoon. Defendant was then warned that he "had the right to remain silent and the right to hire a lawyer." Without objection Parker testified that defendant then said he used all the money he could steal to buy drugs. A more extensive search of the car turned up a suitcase full of tools, a pistol, several cameras, watches, and movie projectors, and a brown paper bag with a substance in it later identified by the State Bureau of Investigation as morphine. A State Bureau of Investigation agent was called to the scene and defendant was placed under arrest for possession of morphine. Defendant offered no evidence on his own behalf.

Defendant was found not guilty of possession of burglary tools, but was found guilty of possession of morphine. From a sentence of five years defendant appeals to this Court.

*Attorney General Robert Morgan by Staff Attorney Burley B. Mitchell, Jr., for the State.*

*Vernon E. Cardwell and Darrell F. Holmes, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1, 2] Defendant's first assignment of error is directed at the admission into evidence of testimony concerning items found in the car that were not related to the charge of possession of morphine. Defendant contends that the evidence offered concerning cameras, watches and movie projectors found in the trunk of the car was offered only to prejudice the defendant and bore no relationship to the crimes charged. We do not agree. Defendant was charged with possession of morphine and with possession of burglary tools. While he was acquitted of the latter

charge and it is not now before this Court, the evidence concerning the items found in the car was properly admissible in evidence as relevant to the charge of possession of burglary tools. Every circumstance calculated to throw light upon the supposed crime is admissible and the weight of such evidence is for the jury. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965). Although defendant would have been entitled to an instruction limiting the introduction of such evidence, he did not request such an instruction. Where evidence is competent for some purposes, but not for all, an exception to the admission of such evidence for general purposes will not be sustained unless appellant, at the time of the admission of the evidence, asks that its purpose be restricted. *State v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863 (1948) ; *State v. Walker,* 226 N.C. 458, 38 S.E. 2d 531 (1946).

[1] Defendant's second, third, and fourth assignments of error all relate to evidence concerning the pistol that was found in the car. This evidence also relates to the charge of possession of burglary tools and was competent for that purpose. As no request to limit the admission of the testimony concerning the pistol for that purpose was made, these assignments of error are overruled.

Defendant next assigns as error the denial of his motion to suppress the evidence obtained through the search of his automobile. The search of the automobile was made without a search warrant but, under the facts of this case, we hold that no warrant was necessary. A suppression hearing had been held to determine the admissibility of the evidence. There, Officer Parker of the State Highway Patrol and Sergeant Moore of the Reidsville Police Department testified, and the judge found as a fact that the defendant freely and knowingly consented to the search of the automobile by Officer Parker.

[3] But the consent of the defendant was not a prerequisite to a valid search. The search would have been valid and the evidence obtained as a result of the search admissible even if the defendant had not consented. Officer Parker stopped defendant's car after being told by two Danville, Virginia, police officers that defendant's car contained alcoholic beverages, narcotics, and a pistol. This information was given to the Danville officers by an informant who was known to be reliable. Thus, Officer Parker had probable cause to believe the automobile was

carrying contraband. The Supreme Court of the United States has ruled that a search warrant is unnecessary where there is probable cause to search an automobile stopped on the highway. *Chambers v. Maroney,* 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925).

[4] Defendant also assigns as error the action of the trial judge in allowing the solicitor to ask certain leading questions of R. K. Bulla, the State Bureau of Investigation agent who assisted Officer Parker. Defendant contends that it was error to allow the solicitor to ask leading questions to validate a *Miranda* warning. This occurred during a *voir dire* examination. The allowance of leading questions is a matter entirely within the discretion of the trial judge, and his rulings will not be disturbed on appeal, in the absence of abuse of discretion. *State v. Patton,* 5 N.C. App. 164, 167 S.E. 2d 821 (1969); *State v. Fowler,* 1 N.C. App. 438, 161 S.E. 2d 753 (1968). No abuse of discretion was shown in the record.

[5] Defendant next assigns as error the giving of additional instructions by the trial judge after a request from the jury. Defendant contends that the trial judge erred when, after receiving a request for additional instructions as to the word "wilfully," he also instructed on actual and constructive possession. We find no merit in this contention. It is within the discretion of the trial judge as to how much of a charge to give the jury. As the entire charge was not set out in the record, we are unable to determine the extent to which the jury had already been charged on actual and constructive possession. From the record, we find no abuse of discretion.

We have carefully reviewed defendant's other assignments of error and find them to be without merit. Defendant had a fair trial, free from prejudicial error.

No error.

Judges BRITT and GRAHAM concur.