IN THE MATTER OF THE DWELLING LOCATED AT 728 BELMONT AVENUE, CHARLOTTE, NORTH CAROLINA, AND OWNED BY DOUBLE TRIANGLE PROPERTIES, INC.

No. 7426SC746

(Filed 25 November 1974)

1. Searches and Seizures § 1— standing to object or consent to search
     Only the person whose privacy is invaded by a search has standing to object or to consent to a search.

2. Searches and Seizures § 1— rented dwelling — inspection by housing authority — absence of warrant or owner's consent — consent of tenant
     An administrative search or inspection of a rented dwelling by municipal authorities for detection of violations of a housing code, conducted without a warrant and without permission of the owner of the dwelling, does not violate the owner's constitutional right to be free from unreasonable search when the tenant-occupant consents to the search.

APPEAL by petitioner from *Ervin, Judge,* 29 April 1974 Session of Superior Court held in MECKLENBURG County.

Heard in Court of Appeals 16 October 1974.

Writ of certiorari from the Superior Court to the Housing Appeals Board of the Building Inspection Department, City of Charlotte, to review its order affirming the decision of the Superintendent of Inspections and directing petitioner Double Triangle Properties, Inc., owner of a dwelling located at 728 Belmont Avenue, to repair the dwelling "so as to render it fit for human habitation before the 18th of March, 1974."

After a hearing and review of the record of proceedings before the Housing Appeals Board, Judge Ervin entered the following judgment, which incorporates in the findings of fact a narration of the administrative procedure followed and presents the conclusions of law which are in issue upon this appeal.

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge Presiding at the Schedule 'B' Non-Jury Term of the Superior Court for the County of Mecklenburg upon Petition for Writ of Certiorari filed March 12, 1974, by Petitioner, Double Triangle Properties, Inc., and after considering the record, stipulations by the parties, oral argument by counsel for the parties, briefs and memoranda of law, and the parties having stipulated that the Order could be signed out of term, the Court hereby makes the following findings of fact:

1. It has been stipulated that on May 24, 1973, attorneys for the petitioner wrote a letter to the Superintendent of the Building Inspection Department of the City of Charlotte advising the Superintendent that personnel of the Building Inspection Department of the City of Charlotte were not to enter the premises of any of the property owned by petitioner without first obtaining an administrative search warrant.

2. On November 6, 1973, the Urban Redevelopment Department of the City of Charlotte requested the City's Building Inspection Department to inspect a residence located at 728 Belmont Avenue in the City and occupied by a Mrs. Annie Geiger.

3. On the afternoon of November 6, 1973, Mr. H. L. Brantley, a Housing Inspector for the City of Charlotte, went to the dwelling located at 728 Belmont Avenue,

knocked on the door and received permission of Mrs. Geiger to inspect the premises. Mrs. Geiger was the tenant in possession of the premises.

4. Mr. Brantley performed an inspection and found certain alleged violations of Chapter 10A, the City Housing Code, as a result of his inspection.

5. The dwelling at 728 Belmont Avenue was owned and is presently owned by the petitioner, Double Triangle Properties, Inc., and it was stipulated by the parties that when Mr. Brantley inspected the dwelling on November 6, 1973, no valid administrative search warrant to inspect the premises had first been obtained.

6. On December 5, 1973, a hearing was held before W. H. Jamison, Superintendent of the Building Inspection Department of the City of Charlotte at which time all parties to this proceeding were present to consider certain alleged housing violations of the Charlotte Housing Code as a result of the inspection performed by Mr. Brantley.

7. The petitioner objected to the introduction of evidence obtained by Mr. Brantley at the hearing on December 5, 1973, but said evidence was allowed into the hearing and was made the basis of a finding of fact and order issued by the Superintendent, Mr. Jamison, on January 7, 1974, that the inspection was constitutionally valid and certain violations of Chapter 10A of the City Code, being the City Housing Code, existed.

8. The petitioner gave notice of appeal in due time to the Charlotte Housing Appeals Board and the hearing was held before the Board on February 12, 1974, at which time the Building Inspection Department offered the same evidence and the petitioner tendered the same objections to the admission of said evidence in that it was obtained as a result of proceeding without a valid administrative search warrant and without the permission of the petitioner.

9. On February 28, 1974, the Housing Appeals Board issued findings of fact and an order affirming the decision of the Superintendent with regard to certain violations of Chapter 10A of the Code of the City of Charlotte found in the dwelling at 728 Belmont Avenue and as to the constitutional validity of the inspection.

10. The petitioner in due time filed a Petition for Writ of Certiorari in the Superior Court of Mecklenburg County from the decision and the findings of fact and order of the Charlotte Housing Appeals Board.

11. The petitioner contends that its constitutional rights as protected by the Fourth Amendment of the U. S. Constitution have been violated in that the premises owned by the petitioner were inspected and certain evidence was obtained without its consent, and without a valid administrative search warrant.

Based upon the foregoing findings of fact, the Court hereby makes the following conclusions of law:

1. The sole issue presented by the petitioner in this case is whether a tenant's consent to a warrantless search, to which the owner of the property in which the tenant resides makes prior objection, meets the requirements of the Fourth Amendment of the U. S. Constitution and its protection against unreasonable search and seizures.

2. The person in possession of the property or premises has standing to consent to an administrative search or inspection notwithstanding the objections of an absent nonconsenting owner.

3. The petitioner, although owning the property, did not occupy the property at the time of the inspection and had placed possession of the premises in its tenant who consented to the entry and inspection of the City's Housing Inspector. Since the petitioner had voluntarily relinquished possession of the property, there was no reasonable expectation of privacy as guaranteed by the Fourth Amendment and therefore the petitioner has no standing to contest the constitutionality of the inspection of the premises in question.

4. The inspection of the premises at 728 Belmont Avenue on November 6, 1973, was valid and meets the requirements of the Fourth Amendment of the U. S. Constitution.

NOW, THEREFORE, IT IS ORDERED AND DECREED:

1. That the decision of the Charlotte Housing Appeals Board is hereby affirmed.

2. That this petition is dismissed.

3. That the petitioner is hereby taxed with the costs of this action.

This the 13th day of May, 1974.

s/ SAM J. ERVIN, III
Judge Presiding"

From this judgment, petitioner has appealed.

*Lindsey, Schrimsher, Erwin and Bernhardt, by Lawrence W. Hewitt, for petitioner appellant.*

*City Attorney W. A. Watts for respondent appellee.*

*City of Greensboro, by City Attorney Jesse L. Warren and Assistant City Attorney Dale Shepherd, and Legal Aid Society of Mecklenburg County, by Terence Roche, amici curiae.*

BALEY, Judge.

Does an administrative search or inspection by municipal authorities for detection of violations of a housing code, conducted without a warrant and without permission of the owner of the dwelling house, violate the owner's constitutional right to be free from unreasonable search when the tenant-occupant consents to such search? The trial court has determined that it does not, and we agree.

[1]    The Fourth Amendment to the United States Constitution states:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized."

The protection afforded by this amendment is against *unreasonable* searches and seizures. "The immunity to unreasonable searches and seizures is a privilege personal to those whose rights thereunder have been infringed. They alone may invoke it against illegal searches and seizures." *State v. Craddock,* 272 N.C. 160, 169, 158 S.E. 2d 25, 32; *accord, State v. Ray,* 274 N.C. 556, 164 S.E. 2d 457; *State v. McPeak,* 243 N.C. 243, 90

S.E. 2d 501. Only the person whose privacy is invaded by a search has standing to object or to consent to such a search. *Stoner v. California,* 376 U.S. 483 (1964) ; *Jones v. United States,* 362 U.S. 257 (1960). *See also* Annot., 78 A.L.R. 2d 246 (1961) ; Annot., 31 A.L.R. 2d 1078 (1953).

[2]   In this case the petitioner surrendered its right to possession of the dwelling by renting it to the tenant, Mrs. Geiger, who was actually occupying the premises. Any intrusion for a search would be a violation of the tenant's right to privacy. Mrs. Geiger was in lawful possession of the dwelling. Clearly she could have objected and demanded that a warrant be secured. *See Camara v. Municipal Court,* 387 U.S. 523 (1967). Instead, she voluntarily consented to the search. Such consent renders a warrantless search valid. *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973) ; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

In search and seizure cases, our North Carolina Supreme Court has consistently given priority to the rights of the tenant in possession. In *State v. Mills,* 246 N.C. 237, 243, 98 S.E. 2d 329, 334, our court quoted the general rule that "[w]here premises are leased or rented to another, and in the possession of such lessee or tenant, the owner may not complain of an unauthorized search made thereupon, even though the officers pass through unleased property. The lessee claiming the property seized may do so. . . ." In *State v. Schaffel,* 229 A. 2d 552 (Conn. 1966), in a situation substantially identical to the facts in this case, tenants invited inspectors to enter apartments which were in their possession and control to inspect for probable violations of the Municipal Housing Code. The court in a well reasoned opinion held that the possession and control of the tenants gave sufficient interest in the privacy of the premises to validate the consent to search, and evidence obtained was properly admissible against the landlord.

With respect to administrative searches of the type in question in this case, the United States Supreme Court in *Camara v. Municipal Court, supra,* held that a tenant had a constitutional right to insist that building inspectors obtain a warrant to search his premises. The owner against whom any evidence of code violations would have been introduced had given prior consent to the search, but the court held that the tenant in possession could require a search warrant. While this is the exact opposite of the present case, it gives rise to the clear implica-

tion that the Supreme Court considered the Fourth Amendment privilege personal to the occupant of the place to be searched. *See Chapman v. United States,* 365 U.S. 610 (1961) (landlord could not validly consent to search of house he had rented to another).

We hold that the consent of the tenant who was in actual possession and control of the premises was sufficient to authorize an inspection by the Housing Inspector of the City of Charlotte. In putting its property in the possession of another person, particularly upon a rental basis, petitioner assumed the risk that the tenant would permit periodic inspections of the property in accordance with the Housing Code. Petitioner as owner had no legitimate expectation of privacy in the condition of his dwelling house which was rented to and occupied by another person, and, therefore, has no standing to contest the constitutionality of an administrative search of the premises.

Affirmed.

Judges MORRIS and HEDRICK concur.