STATE OF NORTH CAROLINA v. CLIFTON GREGORY

No. 7630SC843

(Filed 6 April 1977)

**1. Receiving Stolen Goods § 5— receiving stolen cigarettes — sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for receiving stolen goods where it tended to show that stolen cigarettes were delivered to and hidden in a fruit stand owned and operated by defendant; defendant was not present at the time but his night watchman was; the night watchman informed defendant that the cigarettes were there; and defendant later removed the cigarettes from the fruit stand.

**2. Criminal Law § 34— defendant's guilt of another offense — admissibility**

The trial court in a prosecution for receiving stolen cigarettes did not err in allowing into evidence testimony that defendant had received other stolen cigarettes two weeks earlier, since the evidence was relevant to show the requisite guilty knowledge by defendant.

APPEAL by defendant from *Wood, Judge.* Judgment entered 21 July 1976 in Superior Court, CHEROKEE County. Heard in the Court of Appeals 5 April 1977.

Defendant was convicted of the felony of receiving stolen goods.

The State offered evidence tending to show the following:

In the early morning hours of 8 August 1975, Hillard Ashe, Lloyd Ashe and Robert Bryson and three females broke into a grocery store and stole, among other things, a large quantity of cigarettes. Using Lloyd Ashe's truck, they carried the cigarettes to a fruit stand owned and operated by defendant. They arrived at the fruit stand about 6:00 a.m. and carried 218 cartons of the stolen cigarettes inside. They were worth about $3.00 per carton. Defendant was not present but Ronnie Ledford, his night watchman, was there when the cigarettes were delivered. After the male thieves counted the cigarettes, they took a piece of paper and wrote the figure "$400.00," the amount they were to get for the cigarettes. They then hid the cigarettes under a counter in the stand and left. Cigarettes were not stocked for sale at defendant's stand. Defendant came to the stand about noon and Ledford told him "the cigarettes had come that morning. . . ." Ledford also told defendant who had brought the cigarettes to the stand and that they wanted their money that day. He showed defendant where the cigarettes were hidden and then left for a few hours. The cigarettes were still there when he came back. Ledford left again and returned about 6:30 p.m. Sometime later that evening he saw defendant load the cigarettes into the Chrysler automobile of a man he believed to be named Dotson.

Defendant did not testify. He offered one witness who said he did not see any cigarettes under the counter on the morning of 8 August 1975. He also called a witness named Buford Dotson who testified that he owned a Chrysler but did not receive any cigarettes from defendant.

Judgment was entered imposing a prison sentence of five years.

*Attorney General Edmisten, by Associate Attorney Jane Rankin Thompson, for the State.*

*Creighton W. Sossomon, for defendant appellant.*

State v. Gregory

VAUGHN, Judge.

[1] Defendant's exceptions based on the alleged insufficiency of the evidence to take the case to the jury are overruled.

At the time of defendant's offense, the essential elements of the crime of receiving stolen goods were " '(a) The stealing of the goods by some other than the accused; (b) that the accused, knowing them to be stolen, received or aided in concealing the goods; and (c) continued such possession or concealment with a dishonest purpose.' " *State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214. There is ample evidence in this record of each of the essential elements of the crime.

[2] The only other assignment of error relates to the admission of evidence that defendant, about two weeks earlier, had received another lot of cigarettes from Hillard and Lloyd Ashe. On that occasion the cigarettes were delivered to defendant's fruit stand at about 2:00 a.m. Defendant arrived shortly thereafter. The witness heard defendant and the others discuss a price of $500.00. About 3:00 a.m. on that morning, defendant loaded the cigarettes in a car and left. There was no error in the admission of the evidence. Generally, evidence of other criminal activity is inadmissible if it tends only to show an accused's character or disposition. If, however, it is relevant for any other purpose it may be admitted. "Every circumstance calculated to throw light upon the supposed crime is admissible and the weight of such evidence is for the jury." *State v. Ayers,* 11 N.C. App. 333, 181 S.E. 2d 250. The evidence was relevant to show, among other things, the requisite guilty knowledge by defendant.

The charge is not brought forward. It is presumed, therefore, that the judge properly declared and explained the law arising on all of the evidence given in the case. *State v. Murphy,* 280 N.C. 1, 184 S.E. 2d 845.

No prejudicial error has been shown.

No error.

Chief Judge BROCK and Judge CLARK concur.