STATE OF NORTH CAROLINA v. WILLIAM CLYDE REAGAN Nos. 75CR10737 AND 75CR12498 AND TIMOTHY WADE REAGAN NOS. 75CR12499 (CONSPIRACY) AND 75CR12500 (BREAKING AND ENTERING AND LARCENY)

No. 7717SC433

(Filed 24 January 1978)

**1. Searches and Seizures § 1— search by private individual**

Defendants' fourth amendment rights were not violated when the owner of stolen tobacco discovered the tobacco by looking into one defendant's locked barn through a hole in the wall, since the security against unreasonable searches and seizures is not invaded by acts of individuals in which the government has no part.

**2. Searches and Seizures § 2— consent by tenant**

A warrantless search of defendant's barn for stolen tobacco was lawful where a tenant in possession of the barn consented to a search of the barn by officers, since the owner's temporary use of the barn to store the stolen tobacco did not extinguish the tenant's interest which the landlord recognized by seeking the tenant's permission to use the barn and by giving the tenant a key to the barn after the tobacco had been placed in it.

**3. Conspiracy § 6; Burglary and Unlawful Breakings § 5.7— conspiracy—breaking and entering—larceny—absence of conspirator from crime scene**

The testimony of a coconspirator was sufficient to require submission to the jury of issues of guilt by two defendants of conspiracy to break and enter a tobacco packhouse with intent to steal tobacco therefrom, breaking and entering the tobacco packhouse, and larceny of tobacco therefrom. The fact that one defendant was not present when the breaking and entering and larceny were committed did not require nonsuit of those charges against such defendant where there was no evidence that he ever withdrew from the conspiracy, since each conspirator is responsible until he withdraws from the conspiracy for all acts committed by others in the execution of the common purpose.

**4. Burglary and Unlawful Breakings § 6.4— charge of breaking and entering— proof of breaking or entering**

In prosecutions under G.S. 14-54 in which the indictment charges defendant with breaking *and* entering, proof by the State of either a breaking *or* an entering is sufficient, and instructions allowing juries to convict on the alternative propositions are proper.

APPEAL by defendants from *Seay, Judge.* Judgments entered 28 January 1977 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 18 October 1977.

The defendants, William and Timothy Reagan, were indicted for (1) conspiring with each other and with Herbert Somers to

break and enter a tobacco packhouse with intent to steal tobacco therefrom, (2) breaking and entering the tobacco packhouse, and (3) larceny therefrom after such breaking and entering of eleven piles of tobacco. They pled not guilty to all charges.

The State's evidence tended to show: On 14 September 1975 Grady Jones discovered that the lock on his packhouse had been broken and eleven piles of tobacco were missing. He had last seen the tobacco on the preceding day, at which time it was in his packhouse. The missing tobacco piles had been tied in a distinctive manner so that he could recognize them. On 5 October 1975 he went to a farm owned by defendant William Reagan and saw his tobacco by looking into a locked barn through a hole in the wall. On the following day, officers from the sheriff's department came to the farm and entered the barn after Irvin Smith, who rented the farm from William Reagan, unlocked the door for them. Inside the barn were nine piles of tobacco which Grady Jones identified as his.

Herbert Somers, an indicted co-conspirator, testified for the State that he and defendant Timothy Reagan broke into Grady Jones's packhouse on the night of 13 September 1975 and stole the tobacco after planning with defendant William Reagan that they should do so; that William Reagan told them he could sell the tobacco for them if they could get it; that they put the stolen tobacco in William Reagan's barn at his suggestion; and that they were supposed to split the proceeds of the tobacco three ways.

Defendant Timothy Reagan did not testify but presented evidence tending to establish an alibi. Defendant William Reagan testified that he acquired the tobacco on 14 September 1975 from two men who were introduced to him by Somers; that Somers told him these men owned the tobacco and needed money; that he loaned the men $1,000.00 and took the tobacco as security; that he had the tobacco placed in his barn after checking with his tenant, Smith, and being told that Smith had no use for the barn; and that he told Smith the tobacco belonged to his uncle because he did not want Smith to think he was entitled to a share of it.

The jury found each defendant guilty of all charges. From judgments imposing prison sentences, defendants appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Robert S. Cahoon for defendant appellant William C. Reagan.*

*Jess S. Moore for defendant appellant Timothy Reagan.*

PARKER, Judge.

[1]  Defendants contend that the search of the barn where the stolen tobacco was found was unlawful and violated their fourth amendment constitutional rights. The initial discovery of the stolen tobacco was made by Jones, the victim of the larceny, when he looked into the locked barn through a hole in the wall. Since no officer participated in any way at that time, defendants' fourth amendment rights were not then violated. The security against unreasonable searches and seizures afforded by the fourth amendment applies solely to governmental action and is not invaded by acts of individuals in which the government has no part. *State v. Peele*, 16 N.C. App. 227, 192 S.E. 2d 67 (1972).

[2]  Before admitting testimony concerning the subsequent warrantless search made by the officers, the court conducted a voir dire examination from which it found facts and determined that the search was valid by reason of the consent given by Irvin Smith, the tenant who rented the farm from defendant William Reagan. In this ruling we find no error. A law enforcement officer may conduct a valid search without a warrant if consent to the search is given "[b]y a person who by ownership or otherwise is reasonably apparently entitled to give or withhold consent to a search of premises." G.S. 15A-222(3). A tenant in possession of the premises is such a person. *In re Dwelling of Properties, Inc.*, 24 N.C. App. 17, 210 S.E. 2d 73 (1974). The evidence in this case shows that Smith was a tenant in possession of the barn owned by defendant William Reagan at the time the stolen tobacco was placed therein and at the time of the search. Smith's testimony on the voir dire examination clearly shows that, although he was not then using the barn, his possessory interest as tenant of the farm extended to and included the barn. He testified:

The barn was in my custody and control. I had the keys to it. The barn was located on the farm that I had possession of . . . . . I voluntarily opened the barn for [the officers]. I had

> nothing to do with putting the tobacco in there. I knew nothing about it. Bill told me that this was his uncle's tobacco.

The landlord's temporary use of the barn at the time of the search did not extinguish the tenant's interest which the landlord recognized by seeking the tenant's permission to use the barn. The evidence shows that after the stolen tobacco was placed in the barn the landlord locked it and gave the tenant a key, thereby recognizing his continuing interest in the barn. The record fully supports the court's determination on voir dire that the entry and search of the barn were valid by reason of the consent given by the tenant.

[3]  There was no error in denial of defendants' motions for nonsuit. The testimony of Somers, a co-conspirator, showed both defendants were guilty of the conspiracy with which they were charged. Although such testimony should be acted upon by the jury with caution, the unsupported testimony of a co-conspirator is sufficient to sustain a verdict. *State v. Carey*, 285 N.C. 497, 206 S.E. 2d 213 (1974). The co-conspirator's testimony was sufficient in this case to establish the guilt of both defendants not only of the conspiracy charged but of the crimes contemplated by the conspiracy. It makes no difference that the defendant William Reagan was not present when the breaking and entering and the larceny were committed, for once a conspiracy is shown, each conspirator is responsible until he withdraws from the conspiracy for all acts committed by the others in the execution of the common purpose and is equally guilty as a principal with the other participants in the commission of the crimes contemplated by the conspiracy, even though not personally present when those crimes are committed. *State v. Carey*, 288 N.C. 254, 218 S.E. 2d 387 (1975) *death penalty vacated*, 428 U.S. 904, 96 S.Ct. 3209, 49 L.Ed. 2d 1209 (1976); *State v. Grier*, 30 N.C. App. 281, 227 S.E. 2d 126 (1976). There was no evidence in this case that William Reagan ever withdrew from the conspiracy.

[4]  The indictments charged that each defendant "did feloniously break and enter" the Jones packhouse. Defendants assign error to various portions of the court's charge to the jury in which reference was made to breaking *or* entering. We find no error. "It has long been the law in this State in prosecutions under this

statute [G.S. 14-54] and its similar predecessors that where the indictment charges the defendant with breaking *and* entering, proof by the State of either a breaking *or* an entering is sufficient; and instructions allowing juries to convict on the alternative propositions are proper." *State v. Boyd,* 287 N.C. 131, 145, 214 S.E. 2d 14, 22 (1975). *See also State v. Vines,* 262 N.C. 747, 138 S.E. 2d 630 (1964).

We have carefully examined all of defendants' remaining assignments of error. None disclose prejudicial error or merit detailed discussion.

No error.

Chief Judge BROCK and Judge ARNOLD concur.