STATE OF NORTH CAROLINA v. GREGORY GORDON HOWARD AND DEBORAH PATTON JONES

No. 8120SC842

(Filed 16 February 1982)

1. **Searches and Seizures §§ 16, 18— search of home and automobile proper—consent**

 The trial court properly admitted into evidence items obtained pursuant to warrantless searches of a house and an automobile where the evidence indicated one defendant voluntarily gave consent to the search of both premises and to the seizure of items within.

2. **Criminal Law § 77.3— statement of codefendant—other defendant not incriminated**

 Admission of a statement by a nontestifying codefendant "that she had a good idea that the items were stolen" did not violate the *Bruton* rule as the statement in no way incriminated the other defendant or contradicted his testimony.

**3. Constitutional Law § 48— codefendants represented by one attorney—effective assistance of counsel**

In a prosecution in which both defendants were represented by one attorney, both defendants failed to show that there was an actual conflict of interest which adversely affected the counsel's performance on behalf of either defendant.

**4. Criminal Law § 34.6— evidence of commission of another crime—admissible to show knowledge**

The trial court did not err in admitting testimony by an officer in which he stated that one defendant replied "that she had a good idea the items were stolen" in response to a statement concerning his disbelief that stolen property would be found in defendant's home and she would not have knowledge of it. Evidence that defendant had knowledge that other items were stolen was admissible as evidence that she also had knowledge that the items for which she was charged were stolen.

APPEAL by defendants from *Helms, Judge.* Judgments entered 13 March 1981 in Superior Court, UNION County. Heard in the Court of Appeals on 14 January 1982.

Defendants Gregory Howard and Deborah Jones were charged in proper bills of indictment with felonious breaking or entering, felonious larceny, and felonious receiving stolen property. Defendant Howard was found guilty of felonious breaking and entering and of felonious larceny. Defendant Jones was found guilty of nonfelonious receiving stolen goods. From judgments imposing two consecutive prison terms of no more than five nor less than three years, the second of which was suspended, defendant Howard appealed. From a judgment imposing a prison sentence of two years, six months of which were active and the remainder of which was suspended, defendant Jones appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*George Daly for defendant appellants.*

HEDRICK, Judge.

[1] Defendants' first three assignments of error are directed to the court's order admitting into evidence certain items obtained pursuant to police searches of a house and an automobile. Defendants argue that this evidence should have been suppressed in that it was obtained as a result of an unconstitutional search and

seizure to which both defendant Jones and defendant Howard had standing to object.

The findings and conclusions of a trial judge, upon *voir dire* to determine the admissibility of evidence, are not subject to reversal on appeal if they are supported by competent evidence. *State v. McKeithan,* 293 N.C. 722, 239 S.E. 2d 254 (1977); *State v. Hawley,* 54 N.C. App. 293, 283 S.E. 2d 387 (1981). In the present case, the trial judge conducted a *voir dire* at which the evidence tended to show the following:

On 13 December 1980, law enforcement officers went to defendant Jones' residence at 104 Hillcrest Circle in Indian Trail, North Carolina. Defendant Jones spoke with the officers and appeared coherent and to understand what was being said to her by the officers. She told the officers that the house at 104 Hillcrest Circle was her home. The house in fact was her home. One officer asked defendant Jones for permission to search her house and she voluntarily gave the officer such permission and executed a consent to search form. The officers used no promises, threats, coercion, or undue influence on defendant Jones in procuring her permission to search her residence. Defendant Jones said that a 1972 Pontiac in front of her house was her car. A woman named Deborah Jones, who fit defendant Jones' description, had previously been seen driving the 1972 Pontiac. She gave the officer permission to search the car and indicated that permission by placing her initials on an additional notation on the consent to search form. The consent to search form signed by defendant Jones authorized the officers to remove any stolen property, contraband, or any other materials or evidence of a crime found during the search. After defendant Jones gave such authorization, the officers conducted a search of her home and seized items of stolen property found therein. The officers also searched defendant Jones' automobile and seized two sets of nail pullers found therein and identified by defendant Howard as belonging to him.

At the conclusion of the *voir dire*, the trial judge made findings of fact consistent with and supported by the evidence recounted, and this Court is bound by such findings of fact.

Also at the conclusion of *voir dire*, the trial judge concluded as a matter of law that the consent to search the house and vehicle was lawfully obtained and ordered that the evidence seized as

a result of the search be admitted into evidence. A person may consent to a search of premises he or she jointly uses or occupies with another, and evidence found pursuant to such a search may constitutionally be used against that other if the person giving consent to the search has rights of use or occupation at least equal to those of the other. *State v. Melvin,* 32 N.C. App. 772, 233 S.E. 2d 636 (1977); *see also State v. McNeill,* 33 N.C. App. 317, 235 S.E. 2d 274 (1977). Furthermore, the statutory law in North Carolina allows a law enforcement officer to conduct a search and make seizures if voluntary consent is given by a person who by ownership or otherwise is reasonably apparently entitled to give or withhold consent to a search of premises. G.S. §§ 15A-221-222; *State v. Reagan,* 35 N.C. App. 140, 240 S.E. 2d 805 (1978). A seizure of an item is also constitutionally permissible if the officer making the seizure has probable cause to believe that the object seized constitutes contraband or evidence of a crime. *State v. Beaver,* 37 N.C. App. 513, 246 S.E. 2d 535 (1978). In the present case, evidence was presented and findings of fact consistent therewith were made that defendant Jones was a person with extensive use and control of the premises searched and the items seized, that she voluntarily gave consent to a search of the premises and to a seizure of such items, and that the items seized were known to be stolen property and evidence of a crime. The evidence adduced at *voir dire* therefore supported the court's critical findings of fact, which in turn support the order admitting the seized items into evidence. Even if defendant Howard had standing to object to an improper search and seizure of the premises and vehicle in the present case, such standing is unavailing where, as here, we uphold the trial court's ruling that the search and seizure were in all respects proper. *See United States v. Matlock,* 415 U.S. 164, 39 L.Ed. 2d 242, 94 S.Ct. 988 (1974); *United States v. Sumlin,* 567 F. 2d 684 (6th Cir. 1977), *cert. denied* 435 U.S. 932, 55 L.Ed. 2d 529, 98 S.Ct. 1507 (1978). Defendants' first three assignments of error are without merit.

[2]   Defendants next assign as error the admission into evidence of testimony by Officer Randy Cox that defendant Jones stated to him "that she had a good idea that the items were stolen." Defendants argue that the admission of this testimony and the failure of defendant Jones to testify unconstitutionally prejudiced defendant Howard in that he was deprived of his right to con-

front a witness against him; defendant Howard argues that defendant Jones' statement inplicated him in that it contradicted his testimony that he had purchased the items.

> Under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476, it is a clear violation of a defendant's constitutional rights in a joint trial to offer the confession of a co-defendant who does not testify where the confession incriminates and implicates the defendant not making the statement. In this instance, the defendant who is incriminated and implicated by the statement has been denied his Sixth Amendment right to confront and cross-examine the co-defendant making the statement.

*State v. Johnson,* 29 N.C. App. 534, 536-37, 225 S.E. 2d 113, 115 (1976). "The *sine quo non* for application of *Bruton* is that the party claiming incrimination without confrontation at least be incriminated." *State v. Jones,* 280 N.C. 322, 340, 185 S.E. 2d 858, 869 (1972).

The statement by defendant Jones in the present case did not make reference to defendant Howard. The portion of her statement suggesting that the goods were stolen does not suggest that they were stolen by defendant Howard and further, is not even logically inconsistent with his testimony that he purchased the goods; defendant Howard may have purchased goods, which, unbeknownst to him, were stolen and known to be stolen by defendant Jones. Defendant Jones' statement in no way incriminated defendant Howard or contradicted his testimony. This assignment of error has no merit.

[3] By their next assignment of error, defendants argue that the joint trial was tainted by an "obvious conflict of interest between Defendants Howard and Jones," and that each defendant received ineffective assistance of counsel.

The contention of defendant Howard is that defendants' trial counsel consciously pursued the advantage of defendant Jones, to the disadvantage and prejudice of defendant Howard. Defendant Howard points out the following as indicative of a prejudicial conflict of interest depriving him of effective assistance of counsel: (1) counsel's failure to request limiting instructions after testimony was given that defendant Jones' said "she had a good idea the

items were stolen" and after testimony that the license plate numbers on defendant Jones' Pontiac had been altered; and (2) counsel's eliciting testimony from defense witness Douglas Jones, husband of defendant Jones, about a conversation he had with Officer Bill Medlin in which Officer Medlin made statements to the effect that he did not believe defendant Jones to be guilty but he firmly believed that defendant Howard was guilty.

We note that defendant Howard nowhere objected before or during trial to being represented by the same counsel as defendant Jones. In order to establish a conflict of interest violation of the constitutional right to effective assistance of counsel, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 64 L.Ed. 2d 333, 346-47, 100 S.Ct. 1708, 1718 (1980). Unconstitutional multiple representation is never harmless error, and, therefore, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan, supra* at 349-50, 64 L.Ed. 2d at 347, 100 S.Ct. at 1719. "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler v. Sullivan, supra* at 350, 64 L.Ed. 2d at 347, 100 S.Ct. at 1719.

Defendant Howard has failed in the present case to show that there was an actual conflict of interest. As discussed above, the testimony that defendant Jones knew the goods were stolen did not incriminate defendant Howard. Further, the testimony about the altered license plates similarly did not incriminate defendant Howard in that it did not even state who did the alterations. Finally, counsel's elicitation of testimony from Douglas Jones in no way demonstrated that the lawyer had an interest in exonerating client Jones at the expense or incrimination of defendant Howard; while Douglas Jones' testimony may have tended to exculpate defendant Jones by showing that the officers really did not believe her guilty, it did not have an opposite incriminating effect with respect to defendant Howard, since the testimony only reiterated what was manifest by the very fact that the State proceeded with its prosecution of defendant Howard, *i.e.* that the officers believed that he was guilty. Further-

more, Douglas Jones' testimony was about how Officers Medlin and Laney, witnesses in this case, tried to get Douglas Jones to persuade his wife to turn State's evidence against defendant Howard since they were "wanting" and "were after" defendant Howard; this evidence, coupled with the fact that defendant Jones did not turn State's evidence and was prosecuted despite evidence that the ofifcers did not "feel that she was probably guilty," tends to cast doubt on the integrity of the entire prosecution and thereby assists defendant Howard. Nothing indicates a conflict of interest adversely affecting counsel's performance in behalf of defendant Howard.

Defendant Jones argues that she received ineffective representation by counsel in that counsel's elicitation of Douglas Jones' testimony "invit[ed] the jury to be prejudiced against Defendant Jones for her failure on this record to cooperate with the Deputies." Such testimony, however, could have just as easily tended to exculpate defendant Jones insofar as it contained statements that the deputies did not believe her guilty and insofar as it tended to impeach the integrity of the entire prosecution, as discussed above. The incompetency of counsel for the defendant in a criminal prosecution is not a denial of his constitutional right to effective counsel unless the attorney's representation is so lacking that the trial has become a farce and mockery of justice. *State v. Hensly*, 294 N.C. 231, 240 S.E. 2d 332, (1978). As in *State v. Jordan*, 49 N.C. App. 561, 571, 272 S.E. 2d 405, 411 (1980),

> [t]he record discloses that defendant's trial counsel presented evidence on the defendant's behalf, entered objections to the State's evidence, and conducted effective cross-examination of the State's witnesses. It is quite clear that defendant's representation at trial was not so lacking that [her] trial became a farce and mockery of justice.

This assignment of error is overruled.

**[4]** Finally, defendant Jones assigns as error the admission into evidence of testimony by Officer Cox about a conversation he had with Mrs. Jones in which he stated, "[I]t was hard for me to believe all this stolen property would be in her house and her not have knowledge of it," and to which she replied "that she had a good idea the items were stolen." Defendant argues that this testimony imputes to defendant knowledge that she possessed

certain articles of stolen property other than the stolen property charged in this case, and that the testimony was therefore inadmissible evidence of commission of another crime.

Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; if, however the evidence tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime. *State v. McQueen*, 295 N.C. 96, 244 S.E. 2d 414 (1978). "[T]he accused's possession of other stolen goods is evidence of his knowledge of the stolen character of goods which he is charged with having knowingly received." 1 Stansbury's N.C. Evidence § 92 (Brandis rev. 1973); *see also State v. Gregory*, 32 N.C. App. 762, 233 S.E. 2d 623, *disc. rev. denied*, 292 N.C. 732, 236 S.E. 2d 702 (1977). In the present case, evidence that defendant Jones had knowledge that the other items were stolen was admissible as evidence that she also had knowledge that the items for which she was charged were stolen. This assignment of error is without merit.

We hold defendants had a fair trial free of prejudicial error.

No error.

Judges HILL and BECTON concur.