State v. Carter

---

STATE OF NORTH CAROLINA v. ERNESTINE CARTER

No. 8112SC935

(Filed 16 March 1982)

1. **Searches and Seizures § 16— consent to search by defendant's wife**
    Officers lawfully examined building materials in the backyard of defendant's home pursuant to consent given by defendant's wife who had an equal right to and common authority over the premises.

2. **Receiving Stolen Goods § 5.1— possession of stolen property—control of premises—identity of stolen goods—sufficiency of evidence**
    In a prosecution for felonious possession of stolen building materials, the testimony of an officer who lived in the area where the materials were found was sufficient to permit an inference that defendant owned or controlled the premises on which the materials were found, and the testimony by the president of the company from which building materials were stolen "that the material was [his]" sufficiently identified the materials as those stolen from the company.

APPEAL by defendant from *Lee, Judge*. Judgment entered 1 April 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 February 1982.

Defendant was indicted for felonious breaking and entering, larceny, and felonious possession of stolen property. The jury returned verdicts of (1) not guilty of felonious breaking and entering, (2) guilty of felonious larceny, and (3) guilty of felonious possession of stolen property.

The trial court allowed defendant's post-trial motion to dismiss the felonious larceny charge. It then sentenced defendant under G.S. 15A-1351 (Cum. Supp. 1981) to imprisonment of not less than three nor more than five years, ninety days to be served in the Cumberland County jail with recommendation of work release, the remainder with supervised probation. Defendant was also ordered to make restitution to the victim.

Defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Seavy A. Carroll for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in denying his motion to suppress evidence and his motions to dismiss. We find no error.

### MOTION TO SUPPRESS

[1] Defendant's pre-trial motion to suppress was heard and determined by Judge Anthony M. Brannon at the 3 March 1981 Criminal Session, Cumberland County Superior Court. The State's evidence on *voir dire* tended to show the following:

On 25 September 1980 building materials, consisting principally of blue tipped lumber studs, were missing from the premises of American Classic Homes in Cumberland County. Pursuant to an anonymous tip, law enforcement officers concentrated their search for the materials in the Horseshoe Loop or Bladen Circle area of Vander. From the roadway they observed "a large pile of something" in the backyard of a residence. From approximately fifty yards away they "could see two by fours with the ends dyed blue." They knew they were looking for building materials which were "supposedly behind a residence," and that "the building materials would be painted blue on both ends of the two by fours . . . ."

One of the officers knocked on the front door of the house where the materials were observed. He told the woman who answered, whom he identified as defendant's wife, that the officers were looking for stolen building materials with painted blue ends, and that the merchandise in her backyard appeared to match that description. He requested and received her "permission to go back there and look at" the materials. Upon viewing the materials the officers found that they matched the description they had been given of the missing property. They then called the president of American Classic Homes who came and identified the property. He based his identification on the fact that the property "had some blue markings on it" and was "in quantities that [he was] missing . . . ." He also knew of no other company in the area which bought this particular product with the blue ends.

The trial court found as facts that defendant's wife had equal right to and common authority over the premises in question; that her common authority was apparent to the officer who approached the front door and indicated his purpose for being there; that the officers, after obtaining the permission of defendant's wife, examined the materials in the backyard and contacted the president of American Classic Homes, who identified the materials as his. These findings are supported by competent evidence and thus are not subject to reversal on appeal. *State v. McKeithan*, 293 N.C. 722, 728, 239 S.E. 2d 254, 258 (1977); *State v. Hawley*, 54 N.C. App. 293, 298, 283 S.E. 2d 387, 392 (1981). The findings support the court's conclusion "[t]hat there was in all respects a consent to search . . . by a person who by ownership or otherwise was reasonably apparently entitled to give consent to search . . . ." *See* G.S. 15A-222(3). "Where two people have equal rights to the use or occupation of premises, either person may consent to a search of the premises, and evidence found therein can be used against either." *State v. Melvin*, 32 N.C. App. 772, 774, 233 S.E. 2d 636, 638 (1977). *See also State v. Howard and Jones*, 56 N.C. App. 41, 286 S.E. 2d 853, 856 (1982); *State v. Reagan*, 35 N.C. App. 140, 240 S.E. 2d 805 (1978); *State v. McNeill*, 33 N.C. App. 317, 235 S.E. 2d 274 (1977). The record fully supports the court's determination on *voir dire* that the search was valid by reason of the consent given by defendant's wife. We thus deem it unnecessary to discuss defendant's other arguments relating to the motion to suppress. Defendant's assignment of error to the denial of the motion is overruled.

## MOTIONS TO DISMISS

[2] Defendant contends his motions to dismiss should have been allowed because (1) there was no evidence at trial that he owned or controlled the premises where the missing materials were found, and (2) the materials found were not sufficiently identified as those missing and believed stolen from American Classic Homes. In ruling on motions to dismiss "all of the evidence favorable to the State . . . must be considered, . . . must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977). The evidence here, so considered, was ample to show that defendant owned or controlled the premises, and that the materials found thereon were those missing from American Classic Homes.

The following testimony by one of the investigating officers was sufficient to permit a jury inference that defendant owned or was in control of the premises:

> I have lived in the Vander area all of my life. I have lived about a mile away from this particular house where I saw this pile in the backyard. I knew who I thought was the owner of the house and that was [defendant]. As to how I knew that, I was under the impression he had built it to live in and the thing that gave me that impression was that we did some work on it. That work was insulation and that was about ten or twelve years ago. Over that ten or twelve year period, I have seen [defendant] in or about the premises, going and coming, [sic] As to how many occasions I don't know — many, many of them. I had seen his sons in or about the premises, coming and going. I knew [defendant's] first wife and I saw her in and about those premises on several occasions.

The president of American Classic Homes positively and unequivocally testified "that the material was [his]." His later testimony on cross examination that he did not "know absolutely that the material was [his]" created "discrepancies and contradictions" which were for the jury to resolve, but which the court properly disregarded in ruling on the motions to dismiss. *Id.*

No error.

Judges CLARK and ARNOLD concur.