STATE OF NORTH CAROLINA v. JOE RAY GRINDSTAFF

No. 8524SC194

(Filed 15 October 1985)

**Searches and Seizures §§ 3, 16— seizure of plants from outbuilding—open fields doctrine—plain view doctrine—consent by defendant's wife**

     Officers lawfully seized marijuana and opium poppy plants from a building twenty-three feet from defendant's house where defendant's probation officer had received information that defendant was growing marijuana; the probation officer and several deputies lawfully searched the fields behind defendant's house under the "open fields" doctrine; while the officers were returning to the house, a deputy looked through the open door of the building and saw what appeared to be marijuana plants, and the plants thus could have been seized under the "plain view" doctrine; and officers proceeded to the house and lawfully obtained the consent of defendant's wife to search the premises before they returned to the building and seized the marijuana and poppy plants.

APPEAL by defendant from *Lamm, Judge*. Judgment entered 4 October 1984 in Superior Court, MITCHELL County. Heard in the Court of Appeals 25 September 1985.

Defendant was properly indicted on a charge of manufacture of a controlled substance. The State's evidence tends to show the following facts: On 25 July 1983 defendant's probation officer and several deputy sheriffs visited defendant's home while he was at work. They knocked on the door, received no answer, and fol-

---

---

lowed a path to the fields behind defendant's house, searching for marijuana. Twenty to thirty minutes later they headed back to the house, passing a small building located twenty-three feet from the house. As they passed the open door of the building, one of the deputies glanced in and saw what appeared to be marijuana on top of a pile of hay.

The men returned to the house and defendant's wife answered their knock. They requested and received permission to search the premises. When they returned to the small building they found a marijuana plant and three opium poppies.

Prior to trial defendant moved to suppress the poppy plants as the fruit of an illegal search. The motion was denied, and after a jury trial, defendant was found guilty of possession of a controlled substance. From judgment entered on the verdict, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant, appellant.*

HEDRICK, Chief Judge.

We note at the outset that defendant's notice of appeal was not timely given. The State has not addressed this issue, however, and we have elected to treat this appeal as a petition for a writ of certiorari and allow the same in order to pass on the merits of defendant's appeal.

Defendant first assigns error to the trial court's denial of his motion to suppress on the following grounds: 1) the warrantless search was not based on any exigent circumstances; 2) defendant, as a condition of an earlier probation, had consented to warrantless searches of his person or premises but only in his presence, and he was not present on this occasion; 3) defendant's wife was not authorized to consent to the search; 4) pursuant to the condition of probation, only defendant's probation officer, and not law enforcement officers, were authorized to make warrantless searches; and 5) the outbuilding was within the "curtilage" of defendant's home and thus he had an expectation of privacy in it.

For the reasons stated below, we find all of these arguments unpersuasive.

Defendant's probation officer had received information that defendant was growing marijuana. Accompanied by several deputy sheriffs, he proceeded to search the fields behind defendant's house. Such a search is constitutional under the "open fields" doctrine, which allows police officers to enter and search a field without a warrant. *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); *State v. Simmons*, 66 N.C. App. 402, 311 S.E. 2d 357 (1984). As the officers were returning along a footpath to the house, they passed the open outbuilding, and one of the deputy sheriffs, glancing in, saw what looked like several marijuana plants lying on a bale of hay. This discovery was proper pursuant to the "plain view" doctrine, and had the deputy sheriff so desired, he could have lawfully seized the plants at that moment, since all three requirements for a "plain view" seizure were met. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564, *rehearing denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed. 2d 120 (1971); *State v. Prevette*, 43 N.C. App. 450, 259 S.E. 2d 595 (1979), *disc. rev. denied*, 299 N.C. 124, 261 S.E. 2d 925 (1980), *cert. denied*, 447 U.S. 906 (1980).

The officers, however, did not seize the plants at that time. Instead, they proceeded to the house and obtained the consent of defendant's wife to search. Her consent was lawfully given since she was in possession of the premises and "her common authority was apparent to the officer who approached the front door and indicated his purpose for being there." *State v. Carter*, 56 N.C. App. 435, 437, 289 S.E. 2d 46, 47, *disc. rev. denied*, 305 N.C. 761, 292 S.E. 2d 576 (1982).

Thus, all defendant's exceptions to the search and seizure of the poppy plants are without merit. The officers, pursuant to information they had received, had a lawful right to be on the premises; their discovery of the plants met all "plain view" requirements; and the consent of defendant's wife was lawful, thus rendering moot any arguments based on curtilage or lack of a warrant.

Defendant's second assignment of error is to the trial court's admission of testimony concerning the contemporaneous seizure of marijuana from the outbuilding. He contends that this evidence

was prejudicial because it tended to show "his bad character or propensity to involve himself with controlled substances." We find no merit in this argument. One of the officers testified that it was the marijuana plants that attracted his attention and not the poppy plants, which at the time he could not identify. That being the case, the testimony regarding the marijuana plants was necessary to explain the actions of the law enforcement officers with respect to the poppy. Additionally, defendant has not shown a reasonable likelihood that a different result would have been obtained had this testimony been excluded.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BECTON and PARKER concur.